THE PEOPLE, to the use of William Smith *et al.,* Plaintiffs in Error, *v.* JOHN D. SUMMERS *et al.,* Defendants in Error.

#### ERROR TO HANCOCK.

The county court has jurisdiction in suits arising out of bonds of executors or administrators, if the amount claimed does not exceed $1000.

The judgment need not be for the full penalty of the bond, but for such damages as the party has sustained, by non-compliance with its condition. Such judgment will not bar another action on the bond, but suits may be brought until the entire penalty is recovered.

If a judgment has been entered on such a bond in the circuit court, the proper remedy would be to suggest a breach, and have damages assessed in that court.

If a judgment has been entered on the bond, it would merge the latter in the former, and no further action could be maintained upon it.

THIS cause was heard before WOODSON, Judge, at October term, 1851, of the Hancock Circuit Court.

BROWNING and BUSHNELL, for Plaintiffs in Error.

WHEAT and GROVER, for Defendants in Error.

TREAT, C. J. It appears from the record in this case, that an action of debt was commenced in the Hancock county court, in the name of the People of the State of Illinois, to the use of William Smith and Jeremiah Smith, against Thomas Summers, Robert B. Gilmore and John D. Summers, upon an administrator's bond, executed by Thomas Summers as principal, and the other defendants as sureties. The debt demanded in the process was $1000, and the damages, $250. Gilmore and John D. Summers only were served with process. They

appeared and moved to dismiss the suit, because the county court was without jurisdiction. The court overruled the motion, and entered judgment against them for $153.98, damages. They presented an appeal to the circuit court, and that court dismissed the suit on the ground that the county court had no jurisdiction. It does not appear what was the penalty of the administrator's bond.

Sec. 5, Chap. 85, Revised Statutes, provides that " probate justices shall have jurisdiction of all cases of debt and assumpsit, express or implied, where executors or administrators shall be parties, plaintiff or defendant, and where the amount on either side, claimed to be due, shall not exceed two thousand dollars." Sec. 12 provides, " that administrators, executors and their sureties, may be sued on their bonds, in the probate court, subject to the limitation contained in section five of this chapter, and the proof and proceedings shall be as in ordinary cases." The act of the 12th February, 1849, transfers this power and jurisdiction to the county court. Sec. 69, Chap. 109, Rev. Stat. provides, that the bonds of executors and administrators, " may be put in suit and prosecuted against all or any one of the obligors named therein, in the name of the people of the State of Illinois, for the use of any person or persons who may have been injured by reason of the neglect or improper conduct of any such executor or administrator as aforesaid, and such bonds shall not become void on the first recovery thereon, but may be sued upon from time to time, until the whole shall finally be recovered."

Under these provisions the jurisdiction of the county court does not depend on the penalty of the bond. It is the amount claimed to be due to the party for whose use the action is brought, that determines the question of jurisdiction. If that does not exceed one thousand dollars, it is the duty of the court to hear and decide the case. The judgment need not be for the penalty of the obligation, but only for the damages the party has sustained by the failure to perform its condition. Such a judgment will not bar another action on the bond, but suits may continue to be prosecuted thereon, until the whole amount of the penalty is recovered. *Robertson* v. *The County Commissioners*, 5 Gilm. 559, arose under a somewhat similar statute, and is an authority very much in point. According to that case, the amount of the damages sustained by the party to whose use the action is brought, and not the penalty of the bond, is the test of jurisdiction.

It may perhaps be, when a judgment is entered for the penalty by the circuit court in an original action upon a bond of this character, that the judgment may be pleaded in bar of a second action. But such a defense would be sustained on the ground

that the obligation was merged in the judgment, and therefore no further action could be maintained upon it. The judgment would stand as security for any additional breaches of the condition of the bond; and the proper remedy of a party would be to suggest such breaches and have his damages assessed in the same proceeding.

In this case the circuit court erred in dismissing the suit. It should have retained the case, and rendered judgment for the amount of damages established by the evidence.

The judgment is reversed and the case remanded.

*Judgment reversed.*