CHARLES PINKSTAFF *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

</div>

1. ADMINISTRATOR'S BOND—*where a second or additional bond is given*—*liability thereon.* An administrator, after having given the usual bond required, gave a second or additional bond, not, however, on the application of the sureties in the first bond, under the 79th section of the statute, but to furnish security for his official conduct satisfactory to the probate court. The second bond did not by its terms relate back to the granting of the administration. Its conditions were identical with those of an ordinary administrator's bond, except that, after describing the principal in the bond, as administrator of the " goods and chattels, rights and credits" of the deceased, he is required to make an inventory merely of the " rights and credits " which should come to his hands, leaving out the words " goods and chattels." The effect of this was that when, in a subsequent part of the conditions of the bond, the administrator was required to deliver and pay over to the persons entitled thereto, " all the rest of said goods and chattels," the words " said goods and chattels " should be

referred to all the goods and chattels which had come to the hands of the administrator, and not merely to those coming to his hands after the giving of the bond.

2. If the more specific conditions in the bond would not be sufficient, the general one that he was to "do and perform all other acts which may be at any time required of him by law," would require him to pay over to the guardian whatever might be due the heirs.

3. So, where the administrator had misapplied the funds of the estate before the second bond was given, by appropriating them to his own use, the sureties on such bond would be liable to the guardian of the heirs for such portion of the money as he was entitled to in that capacity; and this, even if the sureties were only liable for breaches occurring after its execution, because the gravamen of the action would be, not the prior misapplication, but the failure to pay over.

4. Nor is it necessary, in such case, that the first bond should be exhausted, before resort could be had to the second. The first bond continued in force, and was as obligatory upon its makers as if the second had never been given; but a creditor, or other person interested in the estate, has his election upon which to sue, if the mal-administration for which suit is brought, would be a breach of both the bonds.

5. JUDGMENT—*in suit on administrator's bond.* In an action upon an administrator's bond, the formal judgment in debt need not be for the full penalty of the bond.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. H. B. DECIUS, Judge, presiding.

Mr. E. CALLAHAN, for the plaintiffs in error.

Mr. J. G. BOWMAN and Mr. J. S. PRITCHETT, for the defendants in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the guardian of the infant children of Mary E. Hyde, deceased, against the sureties, upon a second or additional bond given by her administrator. The breach in the declaration is, the refusal of the administrator to pay over to the guardian the money belonging to the heirs. A recovery is resisted on the ground, that the assets came into the hands of the administrator, and, as averred in the plea

and admitted by the demurrer, were appropriated by him to his own use, before the execution of the second bond. This bond was not given on the application of the sureties in the first bond, under the 79th sec. of the statute, and does not by its terms relate back to the granting of the administration. Its conditions are identical with those of an ordinary administrator's bond, except that, after describing the principal in the bond, as administrator of the " goods and chattels, rights and credits " of the deceased, he is required to make an inventory merely of the " rights and credits " which shall come to his hands, leaving out the words " goods and chattels." The effect of this is that when, in a subsequent part of the conditions of the bond, the administrator is required to deliver and pay over to the persons entitled thereto, " all the rest of said goods and chattels," a grammatical construction would require the words " said goods and chattels," to be referred to all the goods and chattels which had come to the hands of the administrator, and not merely to those coming to his hands after the giving of the bond. The omission of these words, though possibly accidental, relieves the bond of all merely verbal difficulties, and is consistent with the undoubted design of the parties. That intention must have been to prevent the removal of the administrator, by giving such additional security as would be satisfactory to the probate court, that he would faithfully, in the future, perform the duties of his office. By the terms of the bond, he was to "do and perform all other acts which may be at any time required of him by law." And if the more specific conditions in the bond would not be sufficient, this general one alone would require him to pay over to the guardian whatever might be due the heirs.

Conceding the sureties upon the bond are liable only for breaches occurring after its execution, the breach in the present case is of that character. Even if the money due the heirs had been, as averred in the plea, appropriated by the administrator to his own use before the bond was given, yet,

for such misapplication of the funds, he would be liable only for nominal damages, if able and willing to pay the heirs whatever might be due them on final settlement. The gravamen of this action is, not that the administrator had confounded the trust funds with his own, and appropriated them to his own use, but that he did not respond to the demands of the guardian. Whether he had, in fact, used the trust funds or not, when this bond was given, they were, in the eye of the law, then in his hands to be administered, and the bond was given as security that they should be so administered. But for this new bond he probably would then have been removed, and the heirs and creditors would have had their recourse upon the first bond. By the additional bond he was kept in office, the securities thereon undertaking that he would duly administer all unadministered assets. The bond can have no other rational construction, and such must have been the intention of the parties. He then stood chargeable with certain assets. For the purposes for which this bond was given they were in his hands. The securities undertook that he would pay them over to the persons entitled to receive them, when duly called upon. This he has not done, and hence the liability of these defendants.

It is also insisted that the first bond should be exhausted, before resort is had to the second. Undoubtedly the first is still in force, and as obligatory upon its makers as if the second had never been given. But a creditor, or other person interested in the estate, has his election upon which to sue, if the mal-administration, for which suit is brought, would be a breach of both the bonds.

It is further urged, that the judgment for damages is for too large a sum. It is insisted that the administrator *de bonis non,* charged himself with certain assets for which the former administrator should have received credit. But it does not appear these assets came from the former administrator, and we can not presume that fact against the finding of the court.

It is further urged, that the penalty of the bond was $2500, yet the court gave judgment for only $900 debt, to be discharged by the payment of $812.48 damages. This court held, in *The People* v. *Summers*, 16 Ill. 173, that in suits on administrators' bonds, the judgment need not be for the full penalty of the bond ; and in *The People* v. *Randolph*, 24 ib. 325, it was held, that a recovery on an administrator's bond would not, under the peculiar provisions of the statute, bar a second suit. The amount of the formal judgment in debt in this case was, therefore, immaterial, and is no ground for reversal.

*Judgment affirmed.*