A. D. BROWN, CHARLES MORSE AND A. HOLLAND V. THE STATE OF KANSAS, *ex rel.*, C. B. GRAVES, *Attorney for Coffey Co.*

SURETIES ON ADMINISTRATOR'S BOND, *Liability of.* Where the records of the probate court show that an administrator made a final settlement with the probate court, and that there was then in the possession of the administrator, and belonging to the estate, the sum of $394.60; and such settlement is not disputed; and the probate court at the time of the settlement ordered that the administrator give a new bond, with approved security; and three days thereafter such new bond is given: *Held,* that the sureties on such new bond are liable for any failure of the administrator to afterward pay over said $394.60, as required by law, and by the order of the probate court; although the administrator may have in fact appropriated the money to his own use, at some time prior to the execution of said new bond.

*Error from Coffey District Court.*

ON the 14th day of March, 1874, one John W. Henderson, who was at and before that date the duly appointed, qualified and acting administrator of the estate of James H. Parker, deceased, made his final settlement as such administrator in and with the probate court for the county of Coffey.

Thereupon the said court made the following order in the matter of the estate aforesaid, to wit:

"And now comes into court, John W. Henderson, administrator of James H. Parker, deceased, and files his final settlement of said estate, showing that he has received $503.75, and has expended since last settlement the sum of $109.15, leaving in his hands a balance of $394.60. The said account is examined and allowed. The administrator is ordered by the court to pay over said sum of $394.60 to the heirs-at-law of said James H. Parker, deceased, who are entitled by law to receive the same. The administrator is also ordered by the court to file a new bond as administrator of said estate, with securities such as shall be approved by the court.

"In probate court, March 14, 1874.

W. A. ALLISON, *Probate Judge.*"

On the 17th day of March, 1874, in compliance with the above order, the said John W. Henderson, as principal, and the said A. D. Brown, Charles Morse, and A. Holland, as sureties, executed and filed in said court a certain bond, of which the following is a copy, to wit:

"*Know all men by these presents,* That we, John W. Henderson, as principal, and A. D. Brown, A. Holland, and Charles Morse, as sureties, do owe and are indebted unto the state of Kansas in the penal sum of eight hundred dollars, lawful money of the United States, for the faithful payment of which, well and truly to be made, we hereby bind ourselves, our heirs, executors and administrators, jointly and severally, and firmly by these presents.

"Signed, sealed, and dated, this 17th day of March, 1874.

"The condition of the above bond is, that if John W. Henderson, administrator of the estate of James H. Parker, shall make and return into court, on oath, within sixty days or sooner, if so ordered by the probate judge, a true inventory of all the goods, chattels, rights and credits of the deceased, which have or shall come to his possession or knowledge, and also of all the real estate of the deceased, and administer according to law all the moneys, chattels, goods, rights and credits of the deceased, and the proceeds of all his real estate that may be sold for the payment of his debts, which shall at any time come to the possession of the administrator, or to

the possession of any other person for him, and render upon oath a true account of his administration, annually, and at any other times when required by the court or law; and failing to do so for thirty days after he shall have been notified of the expiration of the time by the probate court, pay any balance remaining in his hands, upon the settlement of his accounts, to such person as the court or law shall direct, and deliver the letters of administration· into court in case any will of the deceased shall be thereafter proved and allowed, then the above·bond is void; otherwise to remain in full force.                                    A. D. BROWN.
                                                  A. HOLLAND.
                                                  CHAS. MORSE."

On the 1st day of April, 1876, the probate court, in the matter of said estate, made the following order, to wit:

"And it appearing to the court that the order of the court, directing and requiring said administrator to pay over to the heirs-at-law of said James H. Parker, deceased, the funds in his hands, has been made for over two years, and that no person authorized by law to claim said funds has made any claim thereto; and it further appearing that said funds still remain in the hands of said administrator, and have not been paid over to any person authorized by law to receive the same, it is ordered by the court that said John W. Henderson, administrator of the estate of James H. Parker, deceased, do forthwith pay into the county treasury of Coffey county, Kansas, the said sum of $394.60 in his hands as administrator of said estate, together with the sum of $56.39, being interest thereon from March 14, 1874, to April 1, 1876, at 7 per cent. per annum, and that he present and file in this court the proper vouchers of such payment within ten days from date hereof.

"Done in open court, this 1st day of April, 1876.
                    "BURTON L. KINGSBURY, *Probate Judge.*"

The administrator having failed, neglected and refused to comply with the foregoing order of the probate court, the county attorney of Coffey county, on the 14th day of August, 1877, brought an action in the district court of said county against the said John W. Henderson, and the said sureties upon the new bond by them executed and filed as aforesaid, for the recovery of the said sum of $394.60, with interest from and after the 14th day of March, 1874.

Thereafter, the said A. D. Brown duly filed his separate answer to the petition filed in the above action on said bond, the first defense therein contained being a general denial, and the second and third defenses therein set up, being as follows, to wit:

"*Second Defense.*—That on the 14th day of March, 1874, at which time the plaintiff avers that the said defendant, John W. Henderson, as administrator of the estate of James H. Parker, deceased, made and filed in the probate court of said county of Coffey, his final settlement of said estate, showing in his hands a balance of $394.60, the said John W. Henderson, as such administrator, did not then have in his hands said sum of $394.60 belonging to said estate, or any part thereof; but this defendant says that, in truth and in fact, the said John W. Henderson had, at and before the said 14th day of March, 1874, wholly converted and appropriated the same to his own private uses and purposes."

This defendant further answering plaintiff's petition, saith:

"*Third Defense.*—That on the 17th day of March, 1874, at which time the plaintiff alleges that this defendant, as one of the sureties therein, made, executed and filed in the probate court of the said county of Coffey, a certain bond, of which alleged bond a copy is set forth in plaintiff's petition as a part thereof, the said defendant, John W. Henderson, as the administrator of the estate of the said James H. Parker, deceased, did not then have in his hands, or under his control, the said sum of $394.60, or any part thereof; but this defendant says that, in truth and in fact, the said John W. Henderson had theretofore wholly converted and appropriated the said sum of $394.60 to his own private uses and purposes; and this defendant says, that since said 17th day of March, 1874, no goods, chattels, rights and credits whatever, belonging to said estate, have been discovered by the defendant, John W. Henderson, and brought into his hands or under his control, and that said John W. Henderson now has in his hands nothing whatever belonging to the estate of the decedent aforesaid."

The said Charles Morse duly filed his separate answer to the petition filed in the above action on said bond, the first defense therein contained being a general denial, and the second defense set up being as follows, to wit:

"And for a second defense to said plaintiff's petition and the matters therein alleged, this defendant avers, that at the time of

the making of said bond, as in said petition set forth, to wit, on the 17th day of March, 1874, the defendant, John W. Henderson, had no money, goods, chattels, rights, credits, or property of any kind or description whatsoever, in his hands or under his control, belonging to the estate of the said James H. Parker, deceased, and that since that time no money, goods, chattels, rights, credits, or property of any kind or description, has come into the hands, or under the control, of the said John W. Henderson, as administrator of said estate."

The said A. Holland duly filed his separate answer to the petition filed in the above action on said bond, the first defense therein contained being a general denial, and the second defense therein set forth being as follows, to wit:

"*Second Defense.*—The defendant avers that at the time of the executing of the bond referred to in plaintiff's petition, to wit, on the 17th day of March, 1874, the defendant, John W. Henderson, had no money, rights, credits or property of any description in his possession, or under his control, belonging to the estate of the said James H. Parker, deceased, and that since that time no money or property of any kind has came into the hands of the said John W. Henderson, as administrator of said estate; and that no settlement since the making of said bond has ever been made with the probate court of said county, and that no amount whatever was ever found to be due said estate from the said John W. Henderson, by the probate court, or any other court, since the making of said bond."

To the answer of A. D. Brown, the plaintiff demurred to all of said answer, after the first defense thereof, on the ground that so much of said answer does not state facts sufficient to constitute a defense to the petition of said plaintiff, or any part thereof. In like manner, and for the foregoing reason, the plaintiff demurred to the answer of Charles Morse, and to the answer of A. Holland.

On the 14th of February, 1878, in said district court, the following proceedings were had upon said demurrers, as appears by the record of said court, of which the following is a copy, to wit:

"And now on this day come the parties by their respective attorneys, and the demurrers of the plaintiff to the separate answers of the defendants, Morse, Brown and Holland, com-

ing on to be heard, the court does, on consideration, overrule the same, and the plaintiff is allowed thirty days in which to reply."

Thereafter, the plaintiff replying separately to each of the foregoing answers, and to all of each of them, after the first defense thereof, said that it denies all and singular the allegations, matters and things in said answer alleged, set forth and contained, inconsistent with the plaintiff's petition herein.

On the 18th day of June, 1878, in said district court, the parties to the above action, waiving their right to have said cause tried by a jury, submitted the cause to the court for trial upon the foregoing pleadings and the evidence offered by the parties to the action.

The plaintiff having produced its evidence in support of the allegations contained in its petition, the defendant John W. Henderson was thereupon sworn as a witness on behalf of the defendants, Brown, Morse and Holland, who, in order to maintain the issue on their part, by their attorneys asked the witness Henderson to state whether or not, at and before the execution of the bond sued upon, he had converted the moneys sued for to his own private uses; which question was by the plaintiff's attorneys objected to as incompetent, irrelevant and immaterial, and was also objected to on the ground that the witness was estopped from denying his sworn statement made in probate court on his final settlement, March 14th, 1874, as the administrator of said estate. This objection was by the court sustained, to which ruling the said defendants then and there duly excepted.

The defendants then offered to prove by said witness Henderson that at and before the date of his final settlement of said estate, on the 14th day of March, 1874, he did not then in fact have in his hands or under his control the said sum of $394.60, or any part thereof, and that he had before that time wholly converted said moneys to his own private uses; to which testimony the plaintiff objected, on the ground of its incompetency, irrelevancy and immateriality, and on the further ground that the witness was estopped from denying

his sworn statement made in probate court on his final settlement of said estate as administrator .thereof; which objection was by the court sustained, to which ruling the defendants then and there duly excepted.

Thereupon the defendants (sureties) offered to prove by Orson Kent, who had been sworn as a witness in their behalf, that at and before the said John W. Henderson made his final settlement as administrator of said estate, he (Henderson) did not then have in his hands or under his control the said sum of $394.60, or any part thereof, and that he had wholly converted the same to his own private uses; to which testimony the plaintiff objected, on the ground of its incompetency, irrelevancy and immateriality, which objection was by the court sustained, to which ruling the said defendants then and there duly excepted and objected.

Thereupon the court found that the said A. D. Brown, Charles Morse and A. Holland, as sureties of the said John W. Henderson, are indebted to the common-school fund of Coffey county, Kansas, in the sum of $394.60, with interest thereon at the rate of seven per cent. per annum from and after March 17, 1874; whereupon the said defendants moved the court to set aside the above findings, which motion was by the court overruled, to which ruling the defendants then and there duly excepted.

Thereupon the court rendered judgment against the said A. D. Brown, Charles Morse and A. Holland, as sureties of the said John W. Henderson, for said sum of $394.60, with interest thereon at the rate of seven per cent. per annum from and after the 17th day of March 1874, together with the costs of suit; and further ordered and adjudged, that said sum of $394.60 and interest, as aforesaid, be paid into the treasury of Coffey county, Kansas, for the benefit of the common-school fund of said county, and that execution issue therefor; to which judgment the said defendants, each and every of them separately, then and there duly excepted and objected. The sureties have brought the case to this court.

16—23 KAS.

*A. M. F. Randolph*, for plaintiffs in error, cited: *Vivian v. Otis*, 24 Wis. 518; *Farrar v. The United States*, 5 Pet. 373; *The United States v. Boyd*, 15 Pet. 187; *The United States v. Linn*, 1 How. (U. S.) 104; *Myers v. The United States*, 1 McLean, 493; *Postmaster General v. Norvell*, Gilpin, 106; *County of Mahaska v. Ingalls*, 16 Iowa, 81; *Bessinger v. Dickerson*, 20 Iowa, 261; *Inhabitants of Rochester v. Randall*, 105 Mass. 295; *Welch v. Seymour*, 28 Conn. 387; *Kingston Mutual Ins. Co. v. Clark*, 33 Barb. 196; *Holloman v. Langdon*, 7 Jones Law, (N. C.) 49; *Brown v. Lattimore*, 17 Cal. 93; *State v. Mann*, 34 Vt. 371; *Colyer v. Higgins*, 1 Duvall, (Ky.) 6; *Moore v. Boudinot*, 64 N. C. 190; *Annett v. Terry*, 35 N. Y. 256.

*Graves & Manchester*, for defendant in error, cited: *Morley v. Town of Metamora*, 78 Ill. 394; *Moore v. Boudinot*, 64 N. C. 199; *Musick v. Beebe, Adm'r*, 17 Kas. 47.

The opinion of the court was delivered by

VALENTINE, J.: The material question involved in this case is, whether the sureties on a second bond given by an administrator are liable for moneys belonging to the estate collected by the administrator and appropriated by him to his own use before said second bond was executed, where the records of the probate court show that just three days before said second bond was given a final settlement was made by the administrator with the probate court, and that said moneys were then in the hands of the administrator, and that said administrator was then ordered to give said second bond.

We think the sureties are liable. It appears from the records of the probate court that on March 14, 1874, the administrator had a final settlement with the probate court, and that on that day he had in his possession $394.60 belonging to the estate. It also appears that on that day the probate court ordered that the administrator should give a new bond with approved security. This new bond was evidently intended as an additional security for said $394.60. On March

17, 1874, said new bond was given by said administrator and sureties, and was approved by the probate court. The said sureties are the present plaintiffs in error, and were defendants below. Said new bond was evidently given as a security for said $394.60, and the sureties must have understood it to be such. If it was not given for this purpose, then for what purpose was it given? The estate had already been settled, and this sum was all there was left of the estate to be administered. And it must be presumed that the sureties giving this second bond knew the condition of the estate, and for what purpose they were giving the bond. It must not be presumed, however, that they knew that the administrator had already appropriated said funds to his own use. But whether they did know it or not, can make but little difference; for, as before said, the bond was evidently given to secure that amount. We think the terms of the bond are broad enough to cover it. The administrator was required by its terms to make an inventory of *everything* belonging to the estate which *had* or might come into his hands, and to *administer the same* according to law. If he had previously appropriated said money to his own use, then he was liable to the estate for that amount; and that liability was assets in his hands belonging to the estate, and it was his duty as administrator to make such assets available to the estate, as required by law. It was his duty as administrator to collect it, procure it, and produce it, for the estate, or to be used as might be provided by law. It is the duty of an administrator to collect for the estate everything due to the estate, or to which the estate has a legal claim, whoever may be the party liable. If he is the party liable, then he should pay or deliver the amount or thing for which he is liable, as ordered by the probate court; and if he fails to do so, being able to do so, there could be no hardship in holding himself and his sureties liable on his bond. We would refer to the following authorities: *Pinkstaff v. The People*, 59 Ill. 148; *Morley v. Town of Metamora*, 78 Ill. 394; *Roper v. Trustees of Sangamon Lodge*, (decided by the supreme court of Illinois, in June, 1879,) 9 Cent. L. J.

266; *State, ex rel., v. Grammer*, 29 Ind. 530; *McCabe v. Raney*, 32 Ind. 309; *Boone County v. Jones*, (decided by the supreme court of Iowa, in November, 1879,) 9 Cent. L. J. 441; same case in Western Jurist, 546; *Baker v. Preston*, Gilmer (Va.), 235. The first case above cited is almost directly in point; and nearly all the others hold that the sureties, as well as the principal, are estopped from denying the truth of what the principal's settlement shows.

The judgment of the court below will be affirmed.

All the Justices concurring.