Minshall, J.
No question is made upon the record as to the amount due the estate from the principal, Henry Pomerene, for assets received by him and converted to his own use. The contention is, (1) that the amount found due by the probate court, being for assets that had been received and converted to *24 his own use by the executor, and so not in specie, can not be recovered upon the bond by the successor in the trust; and (2), that the sureties upon the bond in suit are only liable for assets converted by the principal after its execution, and that they are not liable for assets received and converted by him prior to its execution.
1. The first contention is based upon what was the rule of the common law. By that rule an administrator or executor, who had resigned, or been removed, was liable to no action at the suit of the administrator de bonis non, except for the recovery of such assets as remained in specie unadministered; and the several creditors, legatees and distributees, to whom he was liable, were driven to their several suits, if their claims remained unpaid. This resulted in great inconvenience. ■ As observed by Thurman, J., in Tracy v. Card’s Adm’r, 2 Ohio St. 442: “ There might be as many suits as there were individuals of these various classes; the expenses of litigation were oftentimes greater than the amount to be recovered; and the difficulties in doing justice between the parties and properly settling the estate, were manifold and grievous.” The learned judge then shows that this rule was abrogated at a very early day in this state, by the enactment of a statute which transfers the entire estate to the administrator de bonis non, and authorizes him to maintain a suit for its recovery.
The provisions on the subject as codified are found in section 6020 of the Revised Statutes. By this section the right is conferred on an administrator appointed in the place of one who has been removed, not only to maintain a suit against his predecessor and the sureties on his bond for “ all the personal effects and assets of the estate unadministered;” but, also, for “all damages arising from the maladministration or omission” of su&h predecessor. So that, whether or not we regard the liability of an executor or administrator to the estate for assets that he has received and converted to his own use, as itself an asset of the estate (Brown v. State, 23 Kan. 235), there can be no question, but that such conversion is, maladministration for which he and his sureties are liable in damages upon his bond at the suit of his successor in the trust.
*25 The question should, however, lie regarded as settled by the •decision in Slagle v. Entrekin, 44 Ohio St. 637, where it was held that under section 6020 of the Revised Statutes, an administrator appointed to fill the place of an executor or administrator who has resigned or been removed, is entitled to receive from the latter his indebtedness to the estate on account of assets received and converted to his own use, and may maintain an action upon the administration bond of the former executor or administrator and his sureties to recover the same. The authorities are there collected.
In legal propriety there is no such office as an administrator de bonis non under our statute regulating the settlement of the estates of deceased persons. An administrator appointed to fill the place of a personal representative, who has resigned or been removed, is the successor in the trust of his predecessor, and is clothed with all the rights of the estate he is appointed' to administer, and is therefore entitled to recover the indebtedness of his predecessor to the estate for assets received and converted to his own use, as well as for such as remain in specie.
2. The sureties upon the second bond having been relieved by the court upon the motion of one of them, the principal, Pomerene, was required to give a new bond, which he did by executing the one in suit with the defendant H. H. Hatch and the intestate of the defendant Harriet L. Foster as sureties thereon; and the court having found that prior to this time, the executor had collected all the assets and converted them to his own use, it is now claimed, that the sureties on the bond in suit are not liable therefor. In other words, their claim is, that they are only liable for such assets as were converted by the executor after the execution of the bond on which they are sureties, and that the sureties on the prior bonds are alone liable for such as were converted before. This we think is not tenable. The case relied on, Eichelberger v. Gross, 42 Ohio St. 549, is not in point. There the suit was on the first bond that had been given by a guardian, and the sureties on it were held liable for an embezzlement of the funds by the guardian before the second bond was given. All that is there said as *26 to the liability^ of the sureties upon the second bond was outside of the case and mere obiter. The obligation of the bond is the thing to be considered. It, among other things, stipu-r lates that the executor “shall administer, according to law and to the will of the testatrix, all her goods, chattels, etc., which shall at any time come to the possession of the said executor.” The discharge of this obligation required that the executor should administer the estate as required by the law and the will, or deliver it to his successor to be so administered, should he resign or be removed. The fact that prior to executing the bond he had converted the assets to his own use, in no way affected the obligation to account for all that had been received by him belonging to the estate; and it was to secure this obligation that the bond was required and given. There has been, it seems, no direct decision upon the'question by this court, but what has been said is supported by the general current of the decisions in the other states. Scofield v. Churchill, 72 N. Y. 565; Pinkstaff v. The People, 59 Ill. 148; Choat v. Arrington, 116 Mass. 552; Brown v. The State, 23 Kan. 235; Bobo v. Vaiden, 20 S. C. 271; Morris v. Morris, 9 Heisk. (Tenn.) 814.
In Pinkstaff v. The People, supra, it is. said, “whether he,” the administrator, “had, in fact, used the trust funds or not, when this (the second) bond was given, they were, in the eye of the law, then in his hands to be administered, and the bond was given as security that they should be so administered.” Arid in Brown v. The State, supra, it is said, that the liability of an administrator to an estate for amounts he has received and converted to his own use, is “assets in his hands belonging to the estate,” which it is his duty to make available to the estate, as required by law. Some of the authorities are to the effect that where a surety on an administrator’s bond petitions for relief, and a new bond is required and given, the second bond becomes the primary security, not only as to the surety who petitioned, but also as to the other sureties on the first bond. Bobo v. Vaiden, and Morris v. Morris, supra.
Whether the sureties upon the bond in suit have the right to compel contribution from the sureties upon both, or either, of *27 the other bonds, need not now be determined. It is sufficient to determine, as we now do, that they are liable to the present administrator upon the bond given by them, for the entire indebtedness of the executor to the estate for whose faithful administration of its assets they bound themselves as sureties. There is no privity of contract between them and the sureties upon the prior bonds, and any remedy they-may have against them must be sought in a proper suit for that purpose. Choate v. Arrington, supra. This is an action for money only, and they have no right to insist that a proper judgment against themselves should be delayed' until they may be able to recover from another a part of what has been adjudged against themselves.
It is also argued that at the time the bond in suit was given, Pomerene held the assets as trustee under the will by which he was authorized to invest them for the benefit of Mrs. Shriver. It is a sufficient answer to this to say, that he never qualified as such trustee, and no such investment was made. He cannot, therefore, be regarded as having acted in any other capacity than as executor. Prior v. Talbot, 10 Cush. 1. Moreover, the sureties on the bond in suit are estopped from asserting that he had ceased to be an executor and was only a trustee. In all cases where the condition of a deed has reference to any particular thing, the obligor shall be estopped to say there is no such thing. Douglass v. Scott, 5 Ohio, 195.

Judgment affirmed.