## The People of the State of Illinois for Use of John A. Cockrum, Conservator of the Estate of J. H. Cockrum, Insane, Appellee, v. Southern Surety Company, Appellant.

1. INSANE PERSONS—*liability of surety of conservator upon transactions antedating execution of bond.* Where following the filing and approval of the report of a conservator he filed a second bond, which was duly approved, the surety on such second bond was liable, on the failure of the principal to account, not only for the

funds in his hands at the time such bond was executed, but also for the proceeds of a sale of the real estate of the ward made under order of court twelve years prior to the making and approval of such report and the execution of such second bond.

2. INSANE PERSONS—*waiver by surety of defense to action on bond based upon want of order for filing thereof.* The surety on the bond of a conservator cannot escape liability for a default of its principal upon the ground that there was no order of court requiring the filing of its bond, where it made no objection upon that ground when the bond was introduced in evidence and the record showed that such bond had been duly approved by the court.

3. INSANE PERSONS—*waiver by surety of defense in action on bond based upon want of proof of legality of principal's removal and successor's appointment.* The surety on the bond of a removed conservator cannot escape liability to his successor for its principal's failure to account on the ground that the evidence fails to show that the former conservator was lawfully removed and hence that his successor was legally appointed, where such surety made no objection when the successor conservator introduced in evidence the minutes from the docket of the county judge showing that upon petition the conservator was removed and that his successor was appointed.

4. INSANE PERSONS—*right of successor conservator to elect upon which of predecessor's bonds to maintain action.* A surety upon the bond of a removed conservator cannot escape liability for the failure of its principal to account to his successor in respect of funds coming into such removed conservator's hands through the sale of real estate of his ward, by reason of the fact that at the time such sale was authorized such removed conservator had given the additional bond required by statute, it being the right of the successor conservator to elect which bond to sue upon.

Appeal by defendant from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1926. Affirmed. Opinion filed July 9, 1926.

NEALY I. GLENN, for appellant.

HART & HART, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

E. E. Cockrum was appointed conservator for J. H. Cockrum on the 15th day of November, 1905, and

filed his bond in the sum of $800 which was duly approved by the county court. A few months later he filed a petition to sell his ward's real estate, and an additional bond in the sum of $6,000 was approved by the court.

On May 11, 1917, he filed a report showing that he then had on hand the sum of $4,258.68. On February 15, 1918, the court heard evidence on that report and approved the same, and on March 18, 1918, the conservator filed another bond in the sum of $9,000 with appellant as surety thereon. This latter bond was afterwards approved by the court. On October 5, 1918, the conservator was removed and John A. Cockrum was appointed in his place. E. E. Cockrum having failed and refused to account to his successor for the funds in his hands this suit was brought upon the $9,000 bond. A jury was waived and the trial resulted in a judgment in debt for $9,000 and damages $5,716.63.

When appellee offered in evidence the conservator's report of May 11, 1917, and which was approved by the court on February 15, 1918, the only objection offered thereto by appellant was that it did not show that the items of $3,406.48 and the interest thereon $817.55 were the proceeds derived from personal property or the rents, issues or profits of real estate. So far as the record shows appellant's sole contention in the trial court was that the conservator having given the additional bond required by the statute upon a sale of real estate in 1906 there could be no recovery under the bond in question except for so much of the personal property and rents which were in the hands of the conservator at the time the bond in question was executed; in other words, that appellant assumed no liability whatever for any portion of the proceeds of the sale of the real estate that was made about twelve years prior to the execution of the bond sued on.

We are of the opinion that under the circumstances of this case when appellant executed this bond it became liable for all of the funds in the hands of the conservator including the proceeds from the sale of the real estate.

Appellant argues that there is no proof that the court entered an order requiring the conservator to file this bond. When the bond was offered in evidence appellant made no objection thereto and offered no suggestion that it should be first shown that the bond was required by an order of the court. It was shown that the bond was approved by the court and in the state of the record we would not be warranted in reversing the judgment on the ground that there was no order of the court requiring the giving of an additional bond.

It is argued that there was no sufficient evidence to show that the conservator was lawfully removed and that by reason thereof it does not appear that his successor was legally appointed. Appellee offered in evidence the minutes from the docket of the county judge showing that upon petition the conservator was removed and that his successor was appointed. No objection was made by appellant. In the absence of objection we are of the opinion that a sufficient showing was made. From what we have said it necessarily follows that the court did not err in refusing appellant's first proposition of law.

The fact that the conservator gave the additional bond required by the statute at the time he sold the real estate in 1906 does not relieve appellant from liability on the bond in question. The present conservator had a right to elect to sue upon the last bond. *Pinkstaff v. People,* 59 Ill. 148. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*