Helweg v. Heitcamp.

———— ⋆•◦⋆ ————

HELWEG, Plaintiff in Error, *vs.* HEITCAMP, Defendant in Error.

1. Where there are three successive deeds of trust on real estate, the surplus proceeds of a sale under the second must be applied in payment of the third, and not of the first.

20 569|
60a 305|

*Error to St. Louis Circuit Court.*

C. *Gibson*, for plaintiff in error, submitted the case upon the record.

J. R. & R. T. *Barret*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The property in this case was incumbered by three deeds of trust regularly made and recorded in succession, in order to secure the payment of three distinct debts.

The trustee in the second deed advertised and sold the property, and there remained in his hands, after payment of the debt for which he was acting as trustee, some two or three hundred dollars surplus.

This action is brought to recover from the trustee this surplus fund, that it may be applied to the extinguishment, as far as it goes, of the debt mentioned and secured by the third deed of trust ; and the only question is, how shall the surplus be applied, to the payment of the debt mentioned in the first deed of trust, or to the payment of the debt in the last or third deed of trust ? The court below decided that the money must be paid over on the debt secured by the first deed. The plaintiff excepted to that decision, and brings the case here by writ of error.

1. This court is of the opinion that the surplus money in the hands of the trustee must be paid over to the plaintiff on the debt secured by the third deed. The sale of the property, under and by virtue of the second deed of trust, did not exonerate the property from the lien theretofore on it by virtue of the first or oldest deed of trust; it was sold liable to that debt, and the parties interested can still pursue it for that debt, so far as the facts appear from the record now before us.

The surplus, therefore, must be applied, after payment of the debt and cost of sale by trustee under the second deed of trust, towards the payment of the debt mentioned and secured by the last deed of trust, the creditor in the first deed being left to his remedy.

It cannot be pretended that the sale of the property under the junior lien extinguishes a prior lien in full existence at the date of the sale. It must be taken, then, for granted that the purchaser had this prior lien in his mind, and was willing to give,

in addition to the amount of that lien, the amount of his present bid. The judgment of the court below is reversed, and the cause remanded for further proceedings; the other judges concurring.