THOMAS A. REED, Respondent, v. CHARLES SHEPPERD, Appellant.

*Executions—Sheriff's Sale—Purchaser.*—The provisions of the statute relating to Executions, R. C. 1855, p. 747, secs. 49 & 50, were intended to provide a summary and speedy process for the collection of the amount due upon the execution and to protect the creditor against loss : if, therefore, land is sold the second time because the first purchaser refused to comply with his bid, and the proceeds of sale satisfy the execution, the sheriff cannot have judgment, upon motion, against the first purchaser.

*Appeal from Greene Circuit Court.*

*J. S. Phelps* and *Krum, Decker & Krum,* for appellant.

A proper construction of the act relating to Executions, R. C. 1855, p. 747, secs. 49 & 50, under which this proceeding was instituted, will show that respondent has no claim whatever against appellant. The "Act to regulate executions" is intended to secure the speedy collection of judgments for the benefit of the execution creditor, and not to

create a new cause of action in favor of the delinquent debtor. The sheriff has this summary remedy on a re-sale merely " if a loss shall be occasioned thereby."

FAGG, Judge, delivered the opinion of the court.

This was a proceeding by motion, as authorized by secs. 49 & 50 of the act concerning Executions, R. C. 1855.

The first question that arises in the examination of this case is, whether upon the facts disclosed by the testimony there is any right of action in the officer. If this be determined against him, it will supersede the necessity of looking into any other errors that may be complained of in the trial of the cause.

At the January term, 1865, of the Greene Circuit Court, the respondent, Thomas A. Reed, then sheriff of that county, presented his motion setting out substantially that in pursuance of a special writ of execution to him directed, and, after giving the notice required by law, he did at the February term, 1864, of said court, expose to public sale certain real estate in the writ mentioned, and that Charles Shepperd the appellant became the purchaser thereof at the price of $1,701; that the said purchaser failed and refused, after demand made upon him, to comply with the terms of the sale by paying the amount of his said bid; and that subsequently, and during the same term of the court, he re-sold the same property, only realizing thereupon the sum of $812,—and asking a judgment against the appellant for the difference between the two bids, amounting to the sum of $889. We think it is clear, that the intention of the statute is simply to provide a summary and speedy process for the collection of the amount due upon the execution, and to protect the creditor against any loss that he might sustain by reason of the failure or refusal of the purchaser at the first sale to pay the amount of his bid. It is a remedy, then, to be resorted to only for the benefit and protection of the creditor, and the conduct of the purchaser constitutes the only condition upon which the officer can thus proceed.

If this construction of the statute be correct, and we think there can be no room for doubt upon the subject, it follows that when the debt and costs are fully paid, the power of the officer ceases with the return of the execution. In this case the execution was returned fully satisfied; and the creditor having sustained no loss, there is no right of action in the sheriff. For these reasons, the judgment of the Circuit Court must be reversed and the cause remanded.