JAMES REID, Defendant in Error, *v.* A. W. MULLINS, Plaintiff in Error.

1. *Practice, Civil — Failure to make demand, when available to defendant.*— Defendant cannot take advantage of the failure of plaintiff to make demand unless he expressly set it up by way of defense in his answer, and accompany it with a tender of the amount due ; in which case, if plaintiff will further prosecute his suit, and does not recover a greater amount than is tendered, he shall pay all costs.

2. *Conveyances — Deeds of Trust — Surplus funds.*—A party to whom land was conveyed subject to a deed of trust became thereby substituted to the place and right of the grantor, and as such was entitled to receive the surplus funds remaining after the sale under the trust deed.

*Error to Fourth District Court.*

*A. W. Mullins, pro se.*

I. Whatever surplus may have remained in the hands of the defendant as trustee, after satisfying the debts included in the deeds of trust, was personal estate, and the property of the grantor in the deeds of trust. (1 Hill. Mort. p. 137, § 15 ; 2 Greenl. Cr. p. 79, § 45 ; 9 Iowa, 407, 412 ; 1 Washb. Real Prop. p. 531, ¶ 11 ; 3 Pars. Cont. pp. 420, 422.) The trust created existed exclusively between the debtor and the trustee, and between the trustee and the creditors. (3 Pars. Cont. 422.) The doctrine of subrogation or substitution does not apply in this case.

II. The plaintiff, in his petition, predicates his right to recover upon the grounds that the " defendant did not faithfully execute the trust created in the deed first recited, in this-: that he did not pay to said James Reid, Sr., or to his legal representatives, the amount of three hundred dollars remaining over from the proceeds of said sale after paying the debts secured by and the expenses of said deeds of trust." Now, surely, an alleged failure to pay that surplus to the grantor in the trust deed cannot bestow upon the plaintiff, who is an entire stranger to that conveyance, any right to sue for and recover that money ; and as the grantor is still living, he can have no " representatives." Bouvier says a " personal representative " or " legal personal representative " is one who is executor or administrator of the person described (2

Bouv. Law Dic. 461); and this is the meaning of the term "legal representatives," as employed in the trust deeds. The surplus funds may have been properly applied, and yet neither paid to the grantor nor his legal representatives.

Plaintiff does not allege that a demand has ever been made for the money, or any refusal to pay (37 Mo. 180; 16 Mo. 525; 9 Mo. 688); nor that the alleged surplus has not been paid to him, or that it is still due to him.

*Burgess & Easley*, for defendant in error.

The Circuit Court improperly sustained the demurrer to the amended petition, and the District Court did not err in reversing the judgment of the Circuit Court. (Foster v. Porter, 37 Mo. 525, 534; 7 Paige, 168, 250; 11 Paige, 624.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant to recover certain surplus funds alleged to have been received by the defendant on the sale of lands under a deed of trust. It appears by the petition that on the 31st day of January, 1857, one James Reid, Sr., conveyed certain real estate to defendant in trust to secure the payment of a debt therein named; that on the 2d day of April, 1859, the said Reid executed to defendant in trust a certain other deed to secure the payment of another debt therein specified; and that on the 9th day of September, 1859, said James Reid, Sr., conveyed by deed the same land to the plaintiff, James Reid, Jr., subject to the two trust deeds above mentioned. Defendant accepted the trust, and, the notes not being paid at maturity, proceeded to sell the land to satisfy the debts respectively secured, and also the costs and expenses. Upon a sale the sum of three hundred dollars remained as a surplus, after the payment of the debts and all costs, for which this suit was instituted. The defendant interposed a demurrer, on the sole ground that by law the plaintiff was not entitled to the surplus proceeds, which demurrer was sustained by the Circuit Court, and judgment given for defendant. This judgment was reversed

in the District Court, and the cause is now brought here by writ of error.

The principal ground urged in this court for a reversal is, that there was no allegation in the petition that a demand was made for the money and that there was a refusal to pay previous to the bringing of the action. This question was not raised in the court below; but even were it available here, and admitting this to be a case in which a demand was necessary prior to the institution of the suit, still the party cannot take advantage of it unless he expressly set it up by way of defense in the answer or replication, and accompanies it with a tender of the amount due; in which case, if the plaintiff will further prosecute his suit, and does not recover a greater amount than is tendered, he shall pay all costs. (Gen. Stat. 1865. ch. 173, § 34; Westcott v. De Montreville, 30 Mo. 252.) This objection, therefore, cannot avail the defendant in this court.

The next question is, who was entitled to the surplus funds remaining in the hands of the trustee (defendant) after satisfaction was made of the debts and costs? At the time of the sale Reid, Sr., had parted with all his interest in the land. He had conveyed his equity of redemption to the plaintiff in this cause, who held the whole title subject to the encumbrances arising out of the trust deeds. Had the plaintiff paid off and discharged the debts which the deeds of trust were given to secure, there is no doubt but that his title would have been perfect.

Where the property was sold under the deeds of trust for the payment of the notes, the surplus remaining over became subject, in the hands of the trustee, to a trust for the benefit of the party next entitled thereto. (Foster v. Porter, 37 Mo. 534.) The plaintiff, having acquired the equity of redemption, became substituted thereby to the place and right of Reid, Sr., the original grantor, and, as such, was entitled to receive that surplus in his stead.

It follows that no error was committed in the District Court, and its judgment is affirmed. The other judges concur.