Strawbridge v. Clark.

JOHN W. STRAWBRIDGE Respondent, *vs.* A. C. CLARK, Appellant.

52    21
40a  201
52    21
60a  305

1. *Execution—Land, repeated sales of, under—Difference in bids—Suit for, etc*—
Where land exposed for sale under an execution is bid off, but the money is
not paid over, and the land is re-sold under the same execution, to the same bid-
der, but for a less sum, if the amount finally paid is sufficient to satisfy the
judgment and costs, the defendant in execution will be entitled to maintain a
suit in equity for the difference in the bids.

2. *Lands, sale of—Successive liens on—Surplus funds—Belong to whom.*—Where
there are several liens on a tract of land, and it is sold under one of them, the
surplus after paying the lien under which it was sold, belongs in equity to the
next subsequent liens, in the order of their priority.

*Appeal from the Linn Court of Common Pleas.*

*A. W. Mullins, Ch. L. Dobson* and *Geo. W. Easley,* for
Appellant.

*G. D. Burgess,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

Rockwell O. Thompson was the owner of certain real es-
tate in Linn county, on which he had executed a deed of trust,
in favor of the defendant, and upon which there also existed
mechanic's liens and judgments.    On a prior judgment the
Sheriff sold the property at execution sale, and the defendant
became the purchaser at the sum of fifteen hundred and one
dollars, but refused to pay the bid.    The Sheriff tendered him
a deed and demanded the money, and afterwards during the
same term, resold the property under the same execution, and
the defendant again bought it for the sum of $625, which was
sufficient to pay the judgment and costs under which the sale
was made.

Afterwards Thompson, the defendant in the execution, as-
suming that he was entitled to the difference in the two bids,
transferred to the plaintiff's testator, his interest in this fund
in the hands of the defendant, and the testator demanded the
same of the defendant and brought this suit for the amount,
and having died during the progress of the suit, it was reviv-
ed and continued in the name of the plaintiff, as his executor.

The defendant claimed the surplus after payment of exist-

ing liens on his deed of trust, and set up the foregoing facts by way of answer as a bar to the plaintiff's right of recovery. This answer was stricken out, and the action of the court duly excepted to.

The plaintiff recovered judgment, and the defendant filed a motion for a new trial, based on the action of the court in striking out his answer, and has appealed to this court.

The Sheriff in selling real estate, acts as the agent of both parties, plaintiff and defendant in the execution, and is bound to protect their interests as far as he can. When a bidder refuses to pay his bid, the statute allows the Sheriff, and it is his duty, to re-sell the property, and if it brings less than the first bid, he may recover the amount of the difference in the two bids by a summary proceeding by motion. In my judgment he may recover such amount for whatever party is entitled to it. It seems however, that this court took a different view in Reed vs. Shepperd, (38 Mo., 463,) and would not allow the Sheriff to collect the difference when the amount of the last sale was sufficient to pay off the execution and costs.

But as this question is not now before this court, it is un necessary to pass on it. Certainly the defendant in the execution ought not to lose the difference in the bids, and notwithstanding it might have been recovered by the Sheriff as trustee, the defendant as beneficiary ought to be entitled to maintain a suit in equity for it. But Thompson, the defendant in the execution under consideration had given a deed of trust on the land in favor of this defendant. Where there are several liens on a tract of land, and it is sold under one of them, the surplus after paying the lien under which it was sold, belongs in equity to the next subsequent liens in their order of priority. (See Foster vs. Potter, 37 Mo., 534; Reid vs. Mullins, 43 Mo., 306; Helweg vs. Heitcamp, 20 Mo., 569.) In this case the amount of the subsequent deed of trust in favor of defendant and the mechanic's liens was sufficient to exhaust the difference in the two bids, and if the facts set up in the answer be true, the plaintiff had no standing in court.

Judgment reversed and the cause remanded. The other judges concur.