———o———

State of Missouri, to use of George Glenn, Guardian and Curator of William W. Arnold, Appellant, vs. William H. Fields, Administrator *de bonis non* of Jno. Wright, deceased, *et al.*, Respondents.

1. *Curators—Statutes of 1855, construction of—New bond filed on order of the County Court—Liability of securities.*—Under the Revised Statutes of 1855, [825, § 18; 119, § 36; 120, §§ 39, 40, 41,] the giving of other or further security by a curator, as ordered by the County Court on its own motion, does not relieve the first bondsmen from any liability, but only operates as additional security; *semble,* that it would render both sets of securities equally liable as between themselves.

*Appeal from Monroe Circuit Court.*

*Brace & Howell*, for Appellant.

I. A new bond given in a proceeding had under §§ 36, 37, 38 and 39, (R. C. 1855, pp. 119, 120,) when approved, has the effect of discharging the former securities from liability for the misconduct of the principal after the filing of such new bond; but a bond given under § 41 is supplemental to the former bond, and does not discharge the securities in such former bond from liability for the misconduct of the principal after the filing of such supplemental bond, and there is no provision therein, granting any such discharge.

*Alexander & Anderson*, for Respondents.

I. The breach occurring after the filing of the last bond, these defendants are not liable, but the sureties on the last bond are liable. (State vs. Drury, 36 Mo., 281.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a curator's bond. The curator had been removed from office by the County Court, and the relator was subsequently appointed in his place, and brought this suit for monies alleged to have been converted by the former curator. The bond in suit was for four thousand five hundred dollars, executed in August, 1861, in the usual form of a curator's bond for infants.

In December, 1861, the County Court on its own motion issued a citation to the curator ordering him to give additional security. In compliance with this citation, the curator on the first day of January, 1862, executed another bond with security in the sum of $15,000.00, which was deposited with, and filed by, the clerk of the County Court. No entry was ever made on the records of the County Court, approving or rejecting the last bond; but the curator continued to make annual settlements, until he was finally removed, and the relator appointed. The evidence showed a balance still due from him, and that the default occurred after the execution of the bond in suit, and also subsequently to the bond given on the first of January, 1862.

The defense relied on was, that the bond given in January, 1862, discharged the former securities from any liability arising from the misconduct of the principal after filing such bond.

The case was submitted to the court sitting as a jury, and the court sustained the defense, and gave judgment for the defendants.

These proceedings were had under the Revised Statutes of 1855, and the rights of these parties depend upon the proper construction of the provisions of those statutes in regard to bonds of guardians and curators.

Section 18, of the act concerning guardians and curators, (1 Revised Statutes 1855, p. 825,) provides, that the County Court shall have power to order guardians and curators to give supplemental security, or a new bond with sufficient security, upon like notice, for the same causes, in the same manner, and with like effect, as is authorized by law in the case of administrators.

The administration law of 1855 provides three modes by which administrators may be required to give additional or supplemental bonds.

First, A creditor, heir, legatee, or other person interested in any estate, may apply to the County Court to compel the administrator to give another bond and security. (1 Rev. Stat., 1855, p.119, § 36.) Or Secondly, a security in an executor's or administrator's bond may apply to the court to require the principal to give a new bond under the provisions of section 37 of the same act. If the County Court orders such bond to be given, either at the instance of the creditor, heir, &c., or at the instance of the surety, the statute declares, that "such additional bond, when given and approved, shall discharge the former sureties from any liability arising from any misconduct of the principal after filing the same." (See § 39 of the above act.)

It is also provided by section 40, that if the principal fails to give the bond, when so required, within ten days, "his letters thenceforth, shall be deemed to be revoked, and his authority from that time cease."

After thus declaring the effect of a new bond, when given on the application of an heir, legatee, creditor, &c., or at the instance of a surety, the statute (§ 41,) empowers the County Court on its own motion, and on five days' notice, to order an executor or administrator to give other and further security. There is nothing in the statute declaring the effect of the bond which may be ordered by the County Court under section 41 on its own motion. The statute simply declares, if such further security be not given within ten days, the letters of the executor or administrator shall be deemed to be revoked, and his authority from that time cease.

It is manifest from the various sections referred to, and their position towards each other, that it was not the intention of the Legislature to discharge the sureties on the old bond, when a new bond and additional security had been given as required by the County Court on its own motion.

Under the act of 1825, these various provisions are comprehended in a single section, which expressly declared, that in any case, the new bond should have the effect of discharging the former sureties from subsequent liability. In the revision of 1835, the authority of a County Court on its own motion to order additional security was omitted. It was afterwards re-enacted, in 1843, without declaring what effect the additional bond should have; but it was left out of the revision of 1845, and was not re-enacted again till 1855, when it was placed in the Revised Statutes of that year, in such connection as to forbid the conclusion, that it was the intention of the Legislature, that the sureties on the old bond should be discharged simply by the execution of a new bond ordered by the County Court on its own motion.

The common law does not give such a bond that effect, and it would be an attempt at judicial legislation for the courts to so pronounce.

It seems to have been taken for granted by both sides in the court below, that if the new bond had been properly approved by the County Court, it would have discharged the defendants. And the instructions given and refused were formed with an eye to this point alone.

Under the view we take, it is unnecessary to pass on this point. For whether the bond was properly approved or not, it could not discharge the former sureties.

If properly taken and approved, it could only operate as additional security, and perhaps enlarge the field of contribution, so as to embrace both sets of securities, and render them equally liable as between themselves.

Judgment reversed and the cause remanded. The other Judges concur.