WOLFF v. SCHAEFFER, *Appellant.*

1.  **Principal and Surety**: ADMINISTRATOR'S BOND.   One who has signed an administrator's bond as surety cannot avoid liability by showing that he signed upon an understanding with the administrator that another person was also to sign, and that such understanding was made known to the probate court at the time of accepting him as surety, and that the other person never signed.

2.  **Administration**: CONVERSION BY ADMINISTRATOR: LIABILITY OF HIS SURETIES.   If an administrator who has converted assets of the estate by pledging them for his own purposes, fails to recover them when he might, his conduct constitutes a continuing breach of duty, and if he has given an additional bond after the original conversion, but while he might yet recover the assets, the sureties in both bonds will be liable.

3.  **Practice**: EQUITABLE DEFENSE.   The fact that an equitable defense is interposed in an action at law, does not make it a proceeding equity.*

4.  **Scire Facias on Administrator's Bond**: JURY TRIAL. interposition of an equitable defense in an action by *scire facias* against a surety on an administrator's bond, to enforce a judgment against his principal, does not warrant the trial court in refusing parties a jury to try issues of fact.

5.  **Administration**: FINAL SETTLEMENT: ADDITIONAL BOND.   The surety upon an additional bond of an administrator is liable for the amount of an order of distribution from which there has been no

*This and the following points were decided by the court of appeals. 4 Mo. App. 367.

appeal, where the administrator has refused to comply with the order.

6. ——— : ———. The surety on an administrator's bond is concluded by, and cannot attack collaterally, a final settlement from which there has been no appeal.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

Louis Wolff died leaving a will, by which he devised the residue of his estate, after the payment of specified legacies, to his widow, Dorothea. On the 25th of July, 1872, Christian Staehlin qualified as executor, giving a bond in the sum of $60,000, with Henry B. Berning and others as sureties, and immediately took into his possession assets of the estate to the value of $45,993.89. On the 15th of September, 1873, upon petition of the residuary legatee, the probate court adjudged this bond insufficient, and ordered that a new one be given. The executor requested defendant Schaeffer to go on the new bond, telling him that John Clemens, J. D. Decker and Henry B. Berning, who was known to Schaeffer as a man of wealth, would go on it with him; that they had promised to do so. On the 27th of September, the last day for filing the bond, Schaeffer went to the probate court and signed it. At that time no names were in the body of the bond or signed to it. Schaeffer's name was inserted when he signed. When Schaeffer was examined as to his sufficiency, the probate judge was informed, in Schaeffer's presence and hearing, that Berning was also to sign; upon which the judge remarked that the bond was good enough with Schaeffer alone. Schaeffer left the court-house satisfied that Berning would sign. Later in the day a deputy clerk of the court took the bond to Berning's house to obtain his signature, but he was not at home, and the bond was approved and filed without his name. The next day he called at the clerk's office to sign, but finding the bond already approved,

left without doing so.    Schaeffer was informed of this fact within a few days thereafter.

At the time of filing the second bond, Staehlin was insolvent.    Six months afterward an order was made directing him to pay to Mrs. Wolff, as residuary legatee, $5,000.    Her agent called on Schaeffer and told him that he would get out an execution against him unless he paid this money.    Thereupon Schaeffer paid it to the agent, who handed it over to Mrs. Wolff.    Staehlin knew nothing of this; and in January, 1875, made final settlement without taking credit for this payment.    He had a few days before obtained a discharge in bankruptcy.    According to this settlement he appeared to be indebted to the estate in the sum of $30,806.09.    This sum was made up in part of two notes due from himself to the deceased, and in part of notes of Gehrke, Ittner and Adamson, amounting in the aggregate to $18,000, besides interest.    These latter notes Staehlin had pledged on the 3rd day of October, 1872, to the Central Savings Bank of St. Louis, as collateral security for an indebtedness of his own to the bank, and the bank had used the proceeds of the notes to pay the said indebtedness.

Staehlin having failed to pay the amount found against him upon the final settlement, Mrs. Wolff instituted this proceeding in the probate court by *scire facias* against Schaeffer as surety in the second bond, and obtained judgment, from which Schaeffer appealed to the circuit court. In that court he defended on the grounds that he had never executed and delivered the bond, that Berning had failed to sign, that he was not liable for any waste committed by the executor before the giving of the second bond, and, by way of equitable defense, that the executor was induced by the fraud of plaintiff's agent, in suppressing the fact of payment of the $5,000, to make final settlement without crediting himself with that payment.

When the cause was called, a jury was empaneled, and the trial progressed until all the testimony was in and

instructions prayed, when the court, of its own motion and against the objections of both parties, discharged the jury, took the cause as submitted and rendered a decree for plaintiff for $27,706.60. From this there was an appeal to the St. Louis court of appeals, where the decree was reversed for error in discharging the jury. 4 Mo. App. 367. Upon a second trial in the circuit court the facts appeared to be substantially as stated above, and plaintiff again had judgment for the same amount, which judgment was affirmed by the St. Louis court of appeals, (6 Mo. App. 589,) and defendant then appealed to this court.

*Madill & Ralston* for appellant.

Defendant was not liable because as to him the bond was never executed or delivered. *State v. Potter*, 63 Mo. 212; *Gasconade Co. v. Sanders*, 49 Mo. 192; *Linn Co. v. Farris*, 52 Mo. 75; *Ayres v. Milroy*, 53 Mo. 516; *State v. Modrel*, 69 Mo. 152; *State v. Hewitt*, 72 Mo. 603. Defendant was not liable for any portion of the estate which had in fact been squandered and lost prior to the date of the bond. *State v. Paul*, 21 Mo. 51; *Gum v. Swearingen*, 69 Mo. 553.

*Finkelnburg & Rassieur* also for appellant.

*Kehr & Tittman* for respondent.

The bond is valid and binding on Schaeffer without Berning's signature. The promise of his principal that the signature of a co-surety should be obtained constitutes no defense. *State v. Potter*, 63 Mo. 212; *State v. Baker*, 64 Mo. 167; *State v. Modrel*, 69 Mo. 152; *State v. Hewitt*, 72 Mo. 603. Schaeffer is concluded by the final settlement. The evidence offered by him is, therefore, inadmissible. *State v. Holt*, 27 Mo. 340; *Taylor v. Hunt*, 34 Mo. 205; *State v. Drury*, 36 Mo. 281; *State v. Fields*, 53 Mo. 474; *State v. Rucker*, 59 Mo. 17, 25; *Dix v. Morris*, 66 Mo. 514; *State v.*

*Creusbauer,* 68 Mo. 257. The assets with which Staehlin stood chargeable at the date of the second bond, were, in the eye of the law, in his hands at the date of the second bond and are secured by it. The sole object of taking it is to secure them, and the giving of the second bond was the condition upon which he was permitted to retain the administration. *Pinkstaff v. People,* 59 Ill. 148. The breach of the bond consists in the failure of the executor to comply with the judgment or order of the probate court, directing him to pay over to the plaintiff the sum ascertained to be in his hands on the final settlement as cash assets of the estate. As this breach occurred during the life of the second bond, it is immaterial to inquire whether at a previous period of the administration the executor squandered any part of the estate, or whether any of its assets became worthless in his hands. 68 Mo. 254, 257; 66 Mo. 514; 34 Mo. 205; 27 Mo. 340.

SHERWOOD, C. J.—The St. Louis court of appeals took the correct view of the effect of the opinion of this court in the *State v. Potter,* 63 Mo. 212. There is nothing in this case to indicate that the bond was signed conditionally, or delivered as an escrow.

The liability of the surety in this bond has been incidentally touched upon in the case of the *State v. Berning, ante,* p. 87. The breach of the first bond given by Staehlin we regard as a continuing breach, commencing with the first bond, and continuing down through the time covered by the second bond; a breach for which the sureties on both bonds may be held to answer.

The other questions arising in the case are fully and satisfactorily discussed by the court of appeals, per Judge Bakewell, and we affirm the judgment. NORTON and RAY JJ., concur; HOUGH and HENRY, JJ., concur in the result