LOUELLA P. JOHNSON, Appellant, v. JOSEPH L. JONES, Respondent.

St. Louis Court of Appeals, December 8, 1891.

1.   **Administration**: POWER OF PROBATE COURT TO ISSUE EXECUTION ON DEMANDS ALLOWED BY IT.   Although the statute ( R. S. 1889, sec. 228 ) provides that the clerk of the probate court shall issue execution on a demand allowed and ordered to be paid by that court, if the executor or administrator shall fail, upon demand, to comply with such order of payment, the probate court is not thereby precluded from ordering the issue of such execution; the process of every court is under its own control.

2. ———: DISPUTED ASSIGNMENT OF LEGACY: JURISDICTION OF PRO-
BATE COURT : REMEDY.   The probate court has no power to deter-
mine the validity of an assignment of a legacy when the same· is
disputed, and can only order a legacy to be paid to the assignee
thereof when the legatee consents thereto.   If the executor, by
reason of the claim of an assignee, cannot in safety pay the legatee,
and the legatee objects to payment to the assignee, the executor
or administrator may have the amount of the legacy impounded
or the collection thereof restrained in a court of competent juris-
diction.

*Appeal from the Montgomery Circuit Court.*—Hon.
E. M. Hughes, Judge.

Reversed and remanded (*with directions*).

*Knapp & Harris*, for appellant.

*Johnson, Smith & Drunert*, for respondent.

Rombauer, P. J.—The plaintiff is a legatee under
the last will of Julia A. Dearing, and the defendant is
the executor under said will.   In March, 1890, the
defendant made his final settlement as executor in the
probate court of Montgomery county, whereon the court
made an order of distribution, ordering among other
things the payment of the sum of $397.46 to plaintiff.
In June, 1890, the defendant filed in the probate court the
final receipt of the legatees and distributees of the estate,
mentioned in the final order of distribution. ·The receipt
having reference to the share of the plaintiff, as fixed by
the final order of distribution, was signed by Julia A.
Jones, and attached to a written assignment under seal,
executed by the plaintiff, and purporting to assign her
interest in the estate of the testatrix to J. L. Jones, who
transferred it to Julia A. Jones.   The plaintiff thereupon
appeared and objected to the filing of said receipt, and
objected to the discharge of the executor, on the ground
that the alleged assignments of her claim were illegal,
fraudulent and void, and that the probate court had no
jurisdiction to determine their validity.   This motion

was continued from time to time, and the record is silent
on the subject whether it was ever disposed of.    In
October, 1890, the plaintiff filed a written motion in the
probate court, asking for an award of execution for the
amount of her distributive share against the defendant.
The defendant appeared and resisted the motion, and
the court, upon a showing that the plaintiff had
demanded her distributive share from the defendant,
awarded execution against him for the amount of said
share.   The defendant appealed to the circuit court
from this order without giving bond.   In the circuit
court the plaintiff moved to dismiss the appeal on the
ground that the order appealed from was not one from
which an appeal would lie, and on the further ground
that the defendant had failed to give bond upon the
appeal.   The defendant moved that the plaintiff's
motion for execution be dismissed, because the probate
court had no jurisdiction to entertain the same, and in
assuming jurisdiction exercised both equity powers and
common-law jurisdiction not conferred by statute.   The
court overruled the plaintiff's motion and sustained
that of the defendant, and the plaintiff excepted.   The
court thereupon made a final judgment, setting aside
the execution issued by the probate court and rendering
a judgment against the plaintiff for costs with an award
of execution.   From this ruling of the court the plain-
tiff appeals.

The following provisions of the Revised Statutes of
1889 govern the duties of the probate courts and exec-
utors in this state as far as these statutes have any
bearing on the questions involved in the present case :

"Sec. 239.   If upon any settlement it appear that
there is sufficient money to satisfy all the demands
against an estate, the court shall order the payment of
legacies and distribution of shares, as in the case of
debts.   *   *   *"

"Sec. 246.   When an order shall be made by the
court upon an executor or administrator to pay over

money to the widow, heirs, legatees or distributees of an estate, and he fails to make such payment, the same proceedings may be had against him and his securities to compel such payment as is authorized in cases where an executor or administrator fails when ordered to pay demands allowed against an estate."

"Sec. 228.    If any executor or administrator fail to pay any claim thus ordered to be paid [ referring to an order to pay demands allowed ] * * * when demanded, the clerk of the court, on application of such creditor, and being satisfied that such demand has been made, shall issue execution for the amount ordered to be paid, and costs, against the property, goods and chattels and real estate of such executor or administrator."

The respondent urges that the duty to issue the execution is upon the clerk and not upon the court, and hence the court had no power to order an execution in this case, and that such fact is of itself fatal to plaintiff's appeal.    This is a mere begging of the main question.    The process of every court is under its own control.    The clerical work of issuing an execution is always performed by the clerk, but that does not necessarily oust the court of its jurisdiction to order the clerk to do so, or to recall or to quash an execution improvidently issued by the clerk.    It is on the ground that every order of distribution is a judgment, with a conditional award of execution in case it is not paid upon demand, that the duty to issue such execution devolves upon the clerk.    If any controversy arises as to whether demand has been made by the *right person*, and the decision of the controversy depends upon the judicial ascertainment of the right person, the question has to be decided by a court, and not by a clerk, because the latter is not invested with any judicial functions. The only question in such a case is, whether the probate court or some other court is the proper court to ascertain that fact judicially.

Johnson v. Jones.

This brings us to the main question in the case, whether the probate court is the proper court to determine this question. We must bear in mind that the only judgment in the case is the order of distribution, and that it determines *prima facie* the rights of the parties. A careful writer on this subject states the applicatory law, as far as it bears upon a controversy like the present, as follows: "Since the functions of the probate courts are limited, in respect to executors and administrators, to the control of the devolution of the property upon the death of its owner, it is not their province to adjudicate upon collateral questions. The * * * claims of third persons against creditors, heirs, legatees, devisees or distributees, must, if an adjudication become necessary, be tried in courts of general jurisdiction, unless such jurisdiction be expressly conferred upon probate courts. It follows from this principle that probate courts have no power to investigate the validity of the assignment of the interests of an heir or legatee; the decree of distribution or payment should be to the legal successor to the property, leaving questions of disputed rights between these and claimants against them to be adjudicated in the ordinary courts." Woerner's Law of Administration, sec. 151. And it was held in *Knolton v. Johnson*, 46 Me. 489, under a statute similar to ours, that the assignee of one of the heirs of a deceased person is not entitled to a decree that the distributive share of an assignor be paid to him by the administrator; otherwise a judge of probate would exercise common-law jurisdiction in matters between contesting parties not relating to the acts of the intestate, but *to contracts of the heirs after his decease.* The distinction there made, we believe, is the true distinction, and one which is entirely overlooked in *Ordinary v. Mathews*, 7 Rich. Law. Rep. 26. Where the validity of the assignment is admitted in the probate court, the final order of distribtion may be made to the assignee, but even in that event the assignee should be named as

a distributee in the order of distribution, because that is the only judgment, which, under our statute, can serve as a guide to the clerk in issuing the execution.

The general expression is used in many cases, under broader statutes, however, than ours, that the power to decide a question necessary to the proper distribution of the estate follows the power to distribute, and that, therefore, the orphans' court has jurisdiction to determine all questions in the way of distribution, affecting creditors or assignees or legatees. *Kitterson's Estate*, 5 Harris, 416; *Dundas' Appeal*, 73 Pa. St. 474. We are clear that, under our statute, the probate court is confined to decree distribution of the estate, as determined by the will, or the statutes relating to decedent's estates, and beyond this cannot make any decree, except by consent of the parties interested. This of course includes distribution to the heirs of legatees, because, the descent being cast upon them by law, they are within the terms of the will.

Now, in the case at bar, the decree of final distribution makes no mention of the assignee. He might have been substituted by consent for the legatee in the order of distribution, but this was not done. Demand being made on the executor by the distributee named in the order, and he refusing to pay to her, she was *prima facie* entitled to an execution, whether such execution was issued by the clerk with or without the order of the court. If facts existed which might put the executor in jeopardy by paying to her, he might have had her share impounded until it was judicially determined by a competent tribunal to whom such share belonged, or may now, if such facts exist, have the collection of the execution enjoined by a tribunal competent to deal with the facts; but he cannot accomplish this by an appeal, because the court retrying the cause on appeal can try only a question which the probate court itself could have tried.

Sections 6043 and 6045, Revised Statutes, 1889, which provide for the manner of the assignment of judgments of courts of record and justices of the peace, and for the issue of executions on judgments thus assigned to the use of the assignee, have no application to judgments rendered in probate courts. *Thomas v. Liebke*, 13 Mo. App. 389, 393.

It follows from the foregoing that the court should have sustained the plaintiff's motion to dismiss the appeal, and overruled the defendant's motion to dismiss the cause. The judgment is reversed and the cause remanded with directions to the trial court so to do. All the judges concur.