## In Re WINNEGAR'S ESTATE, SAMUEL WINNEGAR, Intervenor.

### Kansas City Court of Appeals, May 7, 1906.

1. **ADMINISTRATION: Sale of Land: Distribution of Surplus: Debts.** A deceased wife had taken title to land for her sole and separate use during her life, the remainder to her husband subject to her debts. *Held*, the administrator's deed conveyed the husband's title, and the surplus, after discharging the debts, belonged to him.

2. **———: Probate Courts: Jurisdiction: Distribution of Surplus: Third Parties.** Courts of general jurisdiction alone in this state must determine the rights and claims of all third parties against legatees, devisees or distributees; and probate courts have no jurisdiction to entertain such proceeding.

Appeal from Putnam Circuit Court.—*Hon. George W. Wannemaker*, Judge.

AFFIRMED.

*O. F. Libby* and *A. W. Mullins* for appellant.

(1)   The heirs at law of Susan Winnegar, deceased, did not inherit the land or any interest in it, and have no right whatever to the surplus fund in question, but the same belongs to said Samuel Winnegar.   Foster v. Potter, 37 Mo. 534; Reid v. Mullins, 43 Mo. 306; Strawbridge v. Clark, 52 Mo. 21; Hufford v. Gottberg, 54 Mo. 271; Moore v. Thompson, 40 Mo. App. 195; Elstroth v. Young, 78 Mo. App. 651; Same case, 83 Mo. App. 253, 94 Mo. App. 351.   (2)   Probate courts in Missouri have jurisdiction over all matters pertaining to probate business.   Article VI, section 34, Constitution of Missouri.   After an administrator has fully administered an estate, paid the debts thereof, and made his final settlement, it is the duty of the probate court to make an order distributing the funds on hand to the person or persons entitled thereto.   R. S. 1899, sec. 232, 233, 240.   (3)   Under the provisions of the Constitution and the statutes of this State the probate courts are clothed with full and ample power and authority with respect to all matters relating to the administration of estates and make distribution of the funds remaining on hand after the payment of debts.   Pearce v. Calhoun, 59 Mo. 271; In re Estate of Elliott, 98 Mo. 379; Johnson v. Johnson, 72 Mo. App. 386; Titterington v. Hooker, 58 Mo. 593; French v. Stratton, 79 Mo. 560; Elstroth v. Young, 83 Mo. App. 253; Hoffman v. Hoffman's Executor, 126 Mo. 486, 493.

*E. R. Stephens* for respondent.

(1)   The Probate court had no power to pass on intervenor's claim, and its order of distribution to the heirs of Susan Winnegar, deceased, was according to law.   No jurisdiction is conferred upon Probate courts in this State to try the rights and claims of third parties against legatees, devisees, or distributees.   Such rights

must be tried if it becomes necessary in courts of general jurisdiction alone.   Johnson v. Jones, 47 Mo. App. 241; State ex rel. v. Jones, 53 Mo. App. 217; Woerner's Law of Administration, sec. 151; Knowlton v. Johnson, 46 Me. 489; State ex rel. v. Jones, 131 Mo. 207; R. S. 1899, sec. 1753.   (2)   The citations of appellant in support of points 1, 2 and 3, of his brief, have been examined and found to relate exclusively to propositins not disputed nor before this court for determination.

BROADDUS, P. J.—The intervenor, Samuel Winnegar, in 1868 became the owner of certain land in Linn county, Missouri, upon which he and his wife soon thereafter moved and occupied as their homestead.   After a short time, intervenor left his home in the possession of his wife and went to St. Clair county, where he remained.   The wife remained on the land until her death.   In the meantime, the taxes on the property were not paid and it was sold to satisfy the same and one, E. D. Harvey, became the purchaser, in 1886.   In 1887, said Harvey conveyed his title to Susan Winnegar by quit claim deed.   The deed contained the following clause: "This conveyance is made to Susan Winnegar for her sole and separate use and benefit during her natural life, and after her death Samuel Winnegar is to have complete title to the above described land after the just debts and funeral expenses of said Susan Winnegar are fully paid."

Susan Winnegar died in 1902, and M. G. Coates was appointed administrator and duly qualified as such.   In the course of his administration, it became necessary to sell the land to pay the debts of Mrs. Winnegar.   It was sold at the price of $1600.

On August 9, 1904, the administrator filed his final settlement, which showed he had made a sale of the land, the receipt of the purchase price, and that after the payment of the debts of deceased and the costs of administration there was about the sum of $1100 left in his

hands for distribution. The intervenor then filed his petition in the probate court claiming the funds in the hands of the administrator. The court, after hearing his petition, denied his claim and made an order approving the final settlement and directing final distribution of the funds on hand to the deceased's next of kin. The intervenor appealed from the judgment to the circuit court of the county. A change of venue was taken to the circuit court of Putnam county, where on trial the intervenor's petition was again denied, from which he appealed to this court.

The intervenor contends that he was entitled to said fund and that the probate court had jurisdiction of the subject-matter. This contention, the administrator denies. The land was conveyed, as stated, to Susan Winnegar for life with remainder over to intervenor subject to the payment of the wife's debts.

It is a well-settled law that a party to whom land is conveyed, subject to a deed of trust, becomes thereby substituted to the place and rights of the grantor, and as such is entitled to receive the surplus funds remaining after the sale of the lands under the deed of trust, 43 Mo. 306. And a similar principle was announced in Strawbridge v. Clark, 52 Mo. 21. It must be conceded that under the deed from Harvey to Mrs. Winnegar that the land was subject to the payment of her debts and that the intervenor's title was charged with their payment. The land having been sold to enable the administrator to discharge them, the latter's deed as such administrator conveyed intervenor's title to the purchaser. The surplus after discharging the encumbrance, it seems to us, belonged to the intervenor. We do not see how it could be otherwise, as it was the proceeds of his estate.

But the real question in the case is one of jurisdiction in the probate court over the subject-matter.

It is insisted by the administrator that this is not a contest between himself and the heirs and distributees, but between the latter and the intervenor, over which the

probate court has no jurisdiction. The law is stated thus: "Courts of general jurisdiction alone in this State must determine the rights and claims of all third parties against legatees, devisees, or distributees. Such rights must, if an adjudication becomes necessary, be tried in a court of general jurisdiction, unless such jurisdiction is expressly conferred by statutes on probate courts, which is not so in this State." [State ex rel. Jones v. Jones, 131. Mo. 1. c. 207; Johnson v. Jones, 47 Mo. App. 237; State ex rel. Jones v. Jones, 53 Mo. App. 207.] We think it clear under the construction placed upon our probate law that probate courts have no jurisdiction to determine the conflicting claims of distribtees and outside parties to funds in the hands of an administrator awaiting distribution. Affirmed. All concur.