STATE OF MISSOURI, to the use of MARGARET EN-
YART, Defendant in Error, v. M. F. DOUD, and
FIDELITY AND DEPOSIT COMPANY OF MARY-
LAND, a corporation, Plaintiffs in Error.*

St. Louis Court of Appeals.    Opinion Filed March 3, 1925.

1. **DESCENT AND DISTRIBUTION: Real Estate: Title: Vests in Heir
or Devisee Eo Instante: Decedent's Debts.** When a person dies the
owner of real estate, the title to such real estate passes to and vests
in the heir or devisee *eo instante*, subject to the right of the ad-
ministrator or executor to sell the same for the payment of the
debts of the decedent.

2. ———: ———: **Sold to Pay Decedent's Debts: Surplus: Retains
Character of Real Estate for Purpose of Succession or Distribution.**
Where real estate is sold under order of the probate court for the
payment of the debts of the decedent, the surplus of the proceeds of
the sale remaining, after payment of the debts, retains the char-
acter of real estate for the purpose of succession or distribution,
and goes to the person in whom the title to the real estate was
vested when it was converted.

3. **EXECUTORS AND ADMINISTRATORS: Real Estate: Sold to Pay
Debts: Devisee's Deed of Trust on Undivided Interest to Secure
Note: Surplus: Belongs to Beneficiary to Amount of Note: Failure of
Administrator to Discharge Note Constituted Breach of Trust for
Which He and Surety on Bond Were Liable.** Where devisee by her
deed of trust conveyed to the trustee therein named, her undivided
share of the real estate devised to her, the conveyance was made in
trust to secure the payment of her note, and when the land was
sold for the payment of debts, her share of the surplus arising
from the sale not needed for the payment of the debts, in equity be-
longed to the beneficiary in the deed of trust to the amount of the
note secured thereby, and as the administrator received such sur-
plus in his capacity as administrator, he held it in trust for the
beneficiary in the deed of trust, and it was his duty to pay over to
the beneficiary out of such surplus the amount necessary to dis-
charge devisee's note, and his failure to do so was a breach of his
trust for which he and the surety on his bond were liable.

4. ———: ———: ———: ———: **Executed After Order of Sale by
Probate Court: Effective Conveyance.** A deed of trust given by a

State ex rel. v. Doud.

devisee on her undivided interest in real estate though given after an order of the probate court for the sale of such real estate for the payment of decedent's debts, conveyed title, as the order of sale did not divest the devisee of her title, and was not effectuated until the sale was made and approved, and the administrator's deed executed and delivered.

5. ———: ———: ———: ———: Probate Courts: Jurisdiction: Without Jurisdiction to Determine Title to Proceeds of Sale of Realty as Between Devisee and Beneficiary in Devisee's Deed of Trust. The probate court, by order of distribution, is without jurisdiction to determine the right or title to a surplus arising from the sale of real estate remaining in administrator's hands after the payment of decedent's debts, as between devisee and beneficiary in a deed of trust of devisee's undivided interest; therefore such order of distribution did not conclude the beneficiary, and it afforded the administrator no protection for the wrongful disbursement of the funds belonging to the beneficiary, and for his wrongful failure to pay over the same to her.

6. ———: ———: ———: ———: ———: Bonds of Administrators: New Bond: Distributive Share Paid Devisee in Disregard of Rights of Beneficiary in Deed of Trust Prior to Execution of Second Bond: Liability of Surety. The fact that the records of the probate court showed that the devisee had received her entire distributive share under an order of the probate court when a second bond of the administrator was executed, does not relieve the surety from liability for the administrator's wrongful disbursement of funds belonging to the beneficiary in devisee's deed of trust, as the deed of trust was of record in the office of the recorder of deeds, and the records of the probate court showed that the funds in question were derived from the sale of real estate conveyed by the deed of trust, and the surety must be held to have known that the probate court was without jurisdiction to determine the rights of the parties to these funds.

7. ———: Bonds of Administrators: Sureties: Liability: Determined by Contract. The liability of a surety on an administrator's bond is determined by its contract, and not by its knowledge or lack of knowledge of the condition of the estate at the time of the execution of the bond.

8. ———: ———: ———: ———: New or Additional Bonds: Relate Back: Surety Liable for Wrongful Distribution to Devisee of Proceeds of Sale of Realty Though Made before Execution of Bond. Under sections 18, 26, 27 and 28, Revised Statutes 1919, a new or additional bond given by an administrator or executor relates back, 216 M. A.—31

State ex rel. v. Doud.

and sureties thereon become liable for any breaches of the trust occurring prior to its execution, and where an administrator made wrongful distribution of the surplus proceeds of the sale of real estate to a devisee instead of to the beneficiary under devisee's deed of trust, the surety became liable though such distribution was made before the execution of the bond.

---

*Headnote 1. Descent and Distribution, 18 C. J., Section 133; 2. Conversion, 13 C. J., Section 55; 3. Executors and Administrators, 24 C. J., Section 2562; 4. Executors and Administrators, 24 C. J., Section 1733; 5. Descent and Distribution, 18 C. J., Section 179; Executors and Administrators, 24 C. J., Section 1385; 6. Executors and Administrators, 24 C. J., Section 2539 (1926 Anno); 7. Executors and Administrators, 24 C. J., Section 2533; 8. Executors and Administrators, 24 C. J., Section 2539.

Error to the Circuit Court of the city of St. Louis.— *Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*W. H. Douglass* for plaintiff in error.

(1) The motion in arrest of judgment should have been sustained in this case as to the defendants, for the petition does not state facts which would entitle the plaintiff to recover, as the administrator would not be liable to plaintiff under the facts stated, and the defendant Fidelity & Deposit Company, as it signed the bond without notice of plaintiff's claim, for the record showed that Julia Ann Lockett had been paid in full by order of the court. See Authorities under Point 2. (2) Under the law a lien would not attach to funds obtained from the sale of real estate by an administrator by order of the probate court to pay debts merely because a distributee gave a deed of trust on her distributive share, and especially when the order of sale by the probate court was made long prior to the deed of trust. Hopkins v. Thompson, 73 Mo. App. 401; In re Wimiegar Estate, 118 Mo. App. 445; Bank v. Estate, 221 S. W. 796; Ball, Admr., 90 Ind. 75; Nelson v. Murfee, 69 Ala. 598; Ford, Admr.

v. O'Donnell, 40 Mo. App. 51, l. c. 59, 24 C. J. 706; State ex rel. v. Jones, 53 Mo. App. 207. (3) Money obtained by sale of real estate to pay debts under an order of the probate court is not real estate, but is personal property, although it belongs to those persons to whom the real estate would descend. The law merely points out to whom such funds so derived will go. Hopkins v. Thompson, 73 Mo. App. 401; Nelson v. Murfee, 69 Ala. 598. (4) The administrator is subject to the order of the probate court and must obey its orders, and if the probate court makes an order of distribution the administrator must make the payment pursuant to this order unless, third parties intervene by due process of law. Sec. 244, R. S. 1919; Freeland v. Wilson, 18 Mo. 280; Peper v. Bell, 286 Mo. 126; Pound v. Cassidy, 166 Mo. 619. (5) If the plaintiff in this case had an equitable or inchoate right to the funds in the administrator's hands, then she should have instituted equitable or legal proceedings to reach these funds and no lien attached except through such proceedings. Cases cited under Point 2. (6) The alleged order on defendant Doud to pay plaintiff was not admissible in evidence as he had not accepted it, and in the absence of an acceptance it was no obligation of his, and he was not bound to recognize it. (7) If the deed of trust in evidence was valid and created a lien, plaintiffs had a right to show unurious interest in order to defeat the lien. (8) The defendant Fidelity and Deposit Company is not liable on its bond as its bond was executed long after the defendant Doud had paid out the funds due Julia Ann Lockett under the order of the probate court and this defendant had a right to rely upon the record showing settlement in full with distributee, as it had no notice of any claim by plaintiff. Sec. 244, R. S. 1919; Freeland v. Wilson, 18 Mo. 280; Peper v. Bell, 286 Mo. 280; Pound v. Cassidy, 166 Mo. 619. The orders of distribution to Julia Ann Lockett by the probate court are final judgments and defendant Doud, administrator, was required to pay the money in accordance with these orders, unless the funds were arrested or reached under

some due process of law before he had paid them.   See Point 4.   (10)   The probate court has no jurisdiction of adverse claims, and therefore it could not make an order of payment to plaintiff and was bound to disburse the money in its custody as the law requires—to distributees. Estate v. Richardson et al., 77 Mo. 459; Cauley v. Mutt, Admr., 63 Mo. App. 356.

*Kinealy & Kinealy* for defendant in error.

(1)   Bill of exceptions not having been filed during the term at which the motion for new trial was over-ruled and no extension granted, and no appeal pending at the time of signing the bill of exceptions, the court can only consider errors appearing in the record proper. Sec. 1460, R. S. 1919; Brockman v. United Railways Co., 271 Mo. 696.   (2) There being no errors in the record proper, judgment must be affirmed.   State v. Walker, 171 Mo. 560; Hill O'Meara Const. Co. v. Sessinghaus, 106 Mo. App. 163.   (3)   Administrator's bond is liable for the proceeds of sale of real estate sold to pay debts.   Hill v. Chouteau, 1 Mo. 731; Dex v. Morris, 66 Mo. 514; State ex rel. v. Dickson, 213 Mo. 66.   (4)   Surplus from the sale of real estate sold to pay debts remains real estate. Jewell v. Knettle, 39 Mo. App. 262;   In re Estate of Lloyd, 44 Mo. App. 670; State ex rel. v. Dickson, 213 Mo. 66; Grant v. Hathaway, 215 Mo. 141.   (5) Real property descends to the heirs with all the rights of ownership, subject to the right of the administrator to appropriate same for the payment of debts of ancestor.   Sielert v. McAnally, 223 Mo. 505; Potts v. Smith, 178 S. W. 881; Grant v. Hathaway, 215 Mo. 141.   (6)   The heir or his representative have an action against the administrator on his bond when debts are paid. State ex rel. v. Dickson, 213 Mo. 66.   (7) Probate courts have no jurisdiction to settle disputes between heirs and their grantees or as-signees.   McClure v. Baker, 216 S. W. 1018;   Traders Bank v. Dennis Estate, 221 S. W. 796; In re Winnegar's Estate, 118 Mo. App. 445.   (8)   Administrators must pay

surplus, after debts are paid, to the party holding junior liens and he pays same at his own peril.    Hopkins v. Thompson, 73 Mo. App. 401; Reid v. Mullins, 43 Mo. 306; Wenzel v. O'Neal, 222 S. W. 392;    2  Woerner Am. Law of Adm.  (2 Ed.), p. 1344; In re Motiers Estate, 7 Mo. App. 514; Sears v. Burnham, 17 N. Y. 445; State ex rel. Jones v. Jones, 53 Mo. App. 207; Johnson v. Jones, 47 Mo. App. 237; 24 C. J. 706, tit. Executor and Administrators; Ficus v. Moore, 7 L. R. A. 235.

SUTTON, C.—This action is upon the bond of the administrator *de bonis non cum testamento annexo* of the estate of Sarah Ann Lockett, deceased.  M. F. Doud is the administrator and the Fidelity & Deposit Company of Maryland is surety on the bond.  The bond is in statutory form and is in the penal sum of three thousand dollars.  Sarah Ann Lockett died testate in the city of St. Louis March 6, 1914, seized and possessed of an undivided one-half part of certain real estate situate in said city.  This she bequeathed to her four children, Joseph H. Lockett, John A. Lockett, Grace H. Lockett, and Julia Ann Lockett, in equal shares.  On September 14, 1915, the probate court of the city of St. Louis ordered the administrator to sell this real estate for the payment of the debts of the deceased.  On February 21, 1916, Julia Ann Lockett borrowed $550 from Margaret Enyart, and executed her note therefor, and to secure this note executed a deed of trust upon her undivided one-eighth part of said real estate.  At the time the money was borrowed the administrator was informed of the fact and of the execution of the deed of trust to secure the loan. The deed of trust was recorded in the office of the Recorder of Deeds of the city of St. Louis on the day it was executed.  Afterwards, the administrator, in compliance with the order of the probate court, sold the real estate for the payment of debts and received therefor $16,000. This sale was reported to the probate court on April 1, 1916.  The sale was thereupon approved by the court and deed was made accordingly to the purchaser.  Out of the

proceeds of the sale the administrator paid the debts of the estate, and after payment of such debts there remained in his hands a surplus of the proceeds of the sale to the amount of $9,569.26. Afterwards, the note secured by the deed of trust having matured, it was presented, together with the deed of trust, to the administrator, and payment thereof requested, on behalf of Mrs. Enyart. At the same time there was presented to him an order signed by Miss Lockett directing him to pay the note and charge the amount so paid against her share of the funds in his hands. There was also endorsed on the back of the note at the time it was presented to the administrator an order signed by Miss Lockett, directing him to pay the note, with interest, out of her share of the funds, and stating that the note marked paid by him should operate as a receipt for the amount so paid. Miss Lockett was also present at the time the note was presented to the administrator and requested him to pay the same out of her share of the funds. The administrator declined to pay the note. Afterwards, pursuant to an order of distribution made by the probate court on September 26, 1918, the administrator paid to Miss Lockett her entire one-fourth share of such surplus. On July 3, 1916, the administrator filed in the probate court his final settlement of the estate. Exceptions were filed to this settlement and it was continued. The administrator was appointed on January 22, 1915, and gave bond in the sum of five hundred dollars with the American Surety Company as security. On July 11, 1921, pursuant to an order of the probate court requiring the administrator to give an additional bond, the bond sued on was given. In April, 1922, Mrs. Enyart again exhibited to the administrator her note and mortgage and demanded of him the payment thereof. Payment was refused, and thereupon this suit was brought.

The cause was tried before the court without a jury. The court gave judgment in favor of the plaintiff and against both defendants for $3000, the penal sum of the bond, to be satisfied upon the payment of $890.60, with

interest. The defendants bring the cause here by writ of error.

Defendants insist that under the law no lien attached to the surplus funds arising from the sale of the real estate for the payment of debts, in favor of Mrs. Enyart by virtue of the deed of trust given by Miss Lockett upon her undivided share of the real estate, that Mrs. Enyart had no right, title, or interest in or to said funds, that the administrator was under no obligation or duty to pay the note secured by the deed of trust, out of said funds, that the failure of the administrator to pay the note did not amount to a breach of his bond, and that, therefore, the judgment of the court below should be reversed.

It is well settled law that when a person dies the owner of real estate, the title to such real estate passes to and vests in the heir or devisee *eo instante*, subject to the right of the administrator or executor to sell the same for the payment of the debts of the decedent. If the real estate is sold by order of the probate court for the payment of the debts of the decedent, any surplus of the proceeds of the sale remaining after payment of the debts goes to the heir or devisee, and if the heir or devisee has conveyed the real estate the surplus belongs to her grantee. In other words, when real estate is converted into money for the payment of the debts of the decedent, the surplus of the proceeds of the sale remaining after payment of the debts retains the character of real estate for the purpose of succession or distribution, and goes to the person in whom the title to the real estate was vested when it was converted. In this case Miss Lockett by her deed of trust conveyed to the trustee therein named her undivided share of the real estate devised to her. The conveyance was made in trust to secure the payment of her note. When the land was sold for the payment of debts, her share of the surplus arising from the sale not needed for payment of the debts, in equity belonged to the beneficiary in the deed of trust to the amount of the note secured thereby. The administrator received this surplus in his capacity as administrator

and held it in trust for those to whom it belonged. The share of Miss Lockett to the amount of the note secured by the deed of trust, he held in trust for the beneficiary in the deed of trust. It was his plain duty to pay over to her out of this surplus the amount necessary to discharge the note. His failure to do so was a breach of his trust, for which he and the surety on his bond are liable. [Grant v. Hathaway, 215 Mo. 141, l. c. 147, 114 S. W. 609; Jewell v. Knettle, 39 Mo. App. 262, l. c. 264; 2 Woerner's American Law of Administration (2 Ed.), p. 1344; In re Motier's Est., 7 Mo. App. 514, l. c. 517; Sears v. Burnham, 17 N. Y. 445; Fiscus v. Moore, 7 L. R. A. 235, l. c. 238; Dix v. Morris, 66 Mo. 514; Hill v. Chouteau, 1 Mo. 731; Wenzel v. O'Neal (Mo.), 222 S. W. 392, l. c. 395; Reid v. Mullins, 43 Mo. 306; State v. Dickson, 213 Mo. 66, l. c. 90, 111 S. W. 817; Hopkins v. Thompson, 73 Mo. App. 401; 24 C. J. 706; Strawbridge v. Clark, 52 Mo. 21; Helweg v. Heitcamp, 20 Mo. 569; Foster v. Potter, 37 Mo. 525, l. c. 534; Traders' Bank v. Dennis' Est. (Mo. App.), 221 S. W. 796.]

It is urged in argument that since the deed of trust in question was not given until after the order of sale was made by the probate court, the deed of trust therefore conveyed no title. We cannot agree to this view. The order of sale did not divest the devisee of her title. This was not effectuated until the sale was made and approved and the deed executed and delivered.

Defendants further insist that the order of distribution made by the probate court is a final judgment and that the administrator was required to pay the money in accordance with the order unless the funds were arrested or reached under some process of law before he had paid the funds to the devisee under the order. This view is untenable. The probate court was without jurisdiction to determine the right or title to the funds as between the devisee and the beneficiary in the deed of trust. The order of distribution does not conclude the beneficiary, and it affords the administrator no protection for the wrongful disbursement of the funds belonging to the

beneficiary and for his wrongful failure to pay over the same to her. No legal or equitable proceeding was required on the part of the beneficiary to establish her right or title to the funds. Her right to the funds was created and existed by virtue of her deed of trust. The administrator had notice of her claim, both actual and constructive. Not only was the deed of trust of record, but, while the funds derived from the sale under the deed of trust were yet in the administrator's hands, the deed of trust and note secured thereby were exhibited to him, together with two orders signed by the devisee directing him to pay the note out of the funds in his hands. In addition to this, the devisee personally requested such payment to be made. We do not see how the administrator could have been prejudiced or jeopardized by making such payment under these circumstances. But if a court order or judgment was necessary for his proper protection in disbursing the funds, he should have resorted to a court of competent jurisdiction for an adjudication of the rights of the parties. This he did not do; but he elected to pay the money pursuant to an order of a court having no jurisdiction to adjudicate the rights of the parties. He cannot justly complain that this order affords him no protection. [State ex rel. Jones v. Jones, 131 Mo. 194, l. c. 207, 33 S. W. 23; State ex rel. Jones v. Jones, 53 Mo. App. 207, l. c. 217; In re Winnegar's Est., 118 Mo. App. 445, 94 S. W. 833; McClure v. Baker (Mo. App.), 216 S. W. 1018, l. c. 1019; Johnson v. Jones, 47 Mo. App. 237; Cauley v. Truitt, 63 Mo. App. 356.]

It is argued that because at the time of the execution of the bond the records of the probate court showed that the devisee had received her entire distributive share under an order of the probate court and that the order so far as the surety knew or could know was a valid and binding judgment, the surety had a right to rely upon the records in executing the bond, and that therefore there is no liability on the part of the surety. We are unable to perceive how this state of the records could affect the liability of the surety. The deed of trust

was of record in the office of the Recorder of Deeds. The records of the probate court showed that the funds in question were derived from the sale of the real estate conveyed by this deed of trust. The surety must be held to have known that the probate court was without jurisdiction to determine the rights of the parties to these funds. Moreover, the surety's liability is determined by its contract and not by its knowledge or lack of knowledge of the condition of the estate at the time of the execution of the bond.

Defendants further argue that there is no liability on the bond in suit for the reason that the money to which Mrs. Enyart was entitled was paid to the devisee before the bond was executed. The universally accepted rule is that, where an administrator or executor is required to give a new or additional bond, the new bond relates back and the sureties thereon become liable for any breaches of the trust occurring prior to its execution. If there is any case holding the contrary, it has not been brought to our attention. [Scofield v. Churchill, 72 N. Y. 565, l. c. 568; Dugger v. Wright, 51 Ark. 232, l. c. 234, 11 S. W. 213; Elizalde v. Murphy, 163 Cal. 681; Pinkstaff v. People, 59 Ill. 148, l. c. 150; Bankers Surety Co. v. Wyman, 141 Iowa, 574; Brown v. State, 23 Kas. 235, l. c. 243; Commonwealth v. Gould, 118 Mass. 300; Morris v. Morris, 9 Heiskell 814, l. c. 822; Bobo v. Vaiden, 20 S. C. 271; Pickens v. Miller, 83 N. C. 543, l. c. 547; Corrigan v. Foster, 51 Oh. St. 225; State v. Fields, 53 Mo. 474; State v. Berning, 74 Mo. 87, l. c. 98; Wolff v. Schaeffer, 74 Mo. 154, l. c. 158; State v. Paul's Exec., 21 Mo. 51.]

The rule thus announced by the authorities with such great unanimity accords with the true meaning and intent of our statute on the subject. The grounds for requiring an administrator to give a new bond under our statute are that the surety on the original bond has or is likely to become insolvent, or has died, or has removed from the State, or that the principal in such bond has or is likely to become insolvent, or is wasting the estate, or that the penalty of the bond is insufficient, or that the

bond has not been taken according to law. [Secs. 26 and 27, R. S. 1919.] The statute further provides that when a new or additional bond is ordered to be given and the administrator shall not give such additional bond within five days, his letters shall be revoked. Manifestly the statute contemplates that if the administrator is to be left in charge of the estate after his original bond has been adjudged insufficient for any or all of the causes mentioned in the statute, his additional bond shall operate to secure any prior breach or *devastavit* as well as such as may subsequently occur. If it were otherwise, all proceedings to recover for any antecedent breach or *devastavit* might be postponed until the conclusion of the administration and the final accounting of the administrator, so that the assets which had been wasted, misappropriated, or wrongfully disbursed, or damages therefor, might never be recovered; whereas, if the administrator were removed his successor could take immediate steps to recover the assets and prevent any further loss or risk, and if the security or principal was not then in fact insolvent, but was only likely to become insolvent, the successor could take immediate steps to recover from the solvent parties, before they became insolvent, for the loss occasioned by the breach or *devastavit*. [Scofield v. Churchill, supra.]

Nor do we think the statute contemplates that, where a defaulting administrator has given a succession of bonds, the distributees of the estate shall be put to the task of ascertaining which of the several bonds operates to secure each separate breach or *devastavit*, before they could safely institute proceedings upon any of such bonds to recover for the losses suffered. It is not the intention of the statute that the rights of distributees should rest upon such precarious grounds. The courts ought and do exhibit a jealous solicitude for the preservation of the estates of deceased persons to the end that such estates may go unimpaired to the rightful distributees. The statute will not be so construed as to make it easy to defeat this end,

It is clear that it is the intention of the statute that an additional bond, given pursuant to an order of court, should operate as security for any breach or *devastavit* occurring prior to the execution of the bond as well as such as may occur after its execution. And this is in harmony with the condition of the bond as prescribed by the statute, to-wit, "that the administrator of the estate shall faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration required by law, or the order or decree of any court having jurisdiction." [Sec. 18, R. S. 1919.] It will be observed, too, that the condition of a new or additional bond as required by the statute is not in any respect different from the condition prescribed for the original bond. [Sec. 28, R. S. 1919.]

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.