SAMUEL WINNEGAR, Respondent, v. M. G. COATES, Administrator, etc., Appellant.

Kansas City Court of Appeals, November 4, 1907.

ADMINISTRATION: Land Sales: Title: Distribution of Proceeds. Plaintiff and his wife lived apart, he owning the title to the land on which she resided. The land was sold for taxes and after certain negotiations the tax purchaser conveyed the land to the wife for life; the remainder to the husband. After her death her administrator sold the land to pay her debts. *Held*, the remainder of the purchase price properly went to the husband and the heirs of the wife cannot complain of the inefficiency of the deeds conveying the title to her.

Appeal from Putnam Circuit Court.—*Hon. George W. Wannemaker*, Judge.

AFFIRMED.

*E. R. Stephens* for appellant.

(1) The Batterton deed to Samuel Winnegar is the common source of title. Samuel Winnegar's interest was attempted to be conveyed by Wade, sheriff, for delinquent taxes to E. D. Harvey. This deed is absolutely void. Guffey v. O'Reiley, 88 Mo. 424; R. S. 1899, sec. 9304; Peak v. Laughlin, 49 Mo. 162; Simonson v. Dolan, 114 Mo. 176; Whelen v. Weaver, 93 Mo. 430; Graton v. Land & Lumber Co., 189 Mo. 338. (2) The judgment should have been arrested on motion in arrest by defendant, administrator. Plaintiff has no interest in the balance of funds in the hands of the administrator. R. S. 1899, secs. 146, 172; Bray v. Adams, 114 Mo. 491.

*O. F. Libby* and *A. W. Mullins* for respondent.

(1) The heirs at law of Susan Winnegar, deceased, did not inherit the land or any interest in it, and have no right whatever to the surplus fund in question. That surplus represents the real estate and belongs to Samuel Winnegar, the plaintiff. In re Winnegar's Estate, 118 Mo. App. 445; Foster v. Potter, 37 Mo. 525; Reid v. Mullins, 43 Mo. 306; Strawbridge v. Clark, 52 Mo. 21; Moore v. Thompson, 40 Mo. App. 195; Elstroth v. Young, 94 Mo. App. 355. (2) Under the settlement between Samuel Winnegar and his wife Susan and the deed from E. D. Harvey to Mrs. Susan Winnegar, dated February 9, 1887, the said Susan became and was tenant for life and was in the possession of the land with the use thereof for her sole benefit. The duty therefore devolved upon her to pay the taxes, aside from the fact that Samuel Winnegar furnished her money to pay the taxes as the evidence tends to show. McCune v. Goodwillie, 204 Mo. 306; Childers v. Schantz, 120 Mo. 305; Bone v. Tyrrell, 113 Mo. 175; Frank v. Caruthers, 108 Mo. 569; 27 Am. and Eng. Ency. of Law (2 Ed.), p. 954; Cooley on Taxation (1 Ed.), 145-147.

ELLISON, J.—This action was instituted to recover the balance of a fund arising on the sale of some real estate by an administrator. The judgment in the trial court was for the plaintiff.

The principal facts out of which the controversy arose will be found stated in 118 Mo. App. 445. It appears that plaintiff was the husband of defendant's intestate and that he was the owner of forty acres of land upon which he and deceased lived as a homestead. That plaintiff and deceased separated, he going to a distant county and she remaining on the land. The land was sold for unpaid taxes and one Bowen became the purchaser. This plaintiff then came back and was disposed to make trouble about the sale of the land, claiming that he had sent money to his wife with which to pay the taxes and that she had used it for other purposes. It was finally arranged between the parties that Bowen would convey the land to the deceased for her life, subject to the payment of her debts, remainder over to plaintiff. Deceased died indebted and the land was duly sold by the defendant administrator to pay such indebtedness and was purchased by Thompson for $1,600, said to be its full value, being more than its appraised value. Out of this sum debts were paid as well as expense of administration. After proper deductions, the trial court rendered judgment for the plaintiff for the balance, amounting to $930.48.

The judgment was right. Originally the land was plaintiff's. It then was sold for taxes in his absence. He then appeared and for reasons assigned, objected or protested. Whereupon, by agreement and acquiescence of all concerned, the tax purchaser made the conveyance to deceased for her life, remainder to plaintiff; but subject to the debts of deceased. Undoubtedly after the death of deceased and after discharging her debts the land would belong to plaintiff. Having been sold for

her debts which were thus charged upon it, plaintiff would be entitled to the proceeds remaining as was stated in 'the case reported in 118 Mo. App. supra, and as shown by authorities in briefs of counsel.

We are not unmindful of the contention made by defendant and of criticism made of the deeds to which we have referred. But we do not see how that can be considered against the result at which the trial court arrived, when the evidence, acts and relation of the parties are considered. The law has been applied to the intention of the parties as disclosed by their acts. This position of the defendant is, in effect, that the tax deed to Bowen was not a conveyance to deceased and that this plaintiff is yet the owner of the land unless he is possibly estopped from claiming by the acts of his attorney. If that be true certainly neither deceased nor her heirs ought to have its proceeds. But the fund now sought is a fund which has arisen from an administration sale of the land in which plaintiff acquiesces. If he does not complain of the way in which the land has passed from him, no one else should.

We are not able to see what interest the heirs of deceased can have in the money, since if she had a life estate it ended at her death, and if she had not even that title there was nothing for her heirs to inherit.

The foregoing views are in harmony with the authorities to be found in plaintiff's brief. The judgment, being clearly for the right party, is affirmed. All concur.